No. 08-433C (Judge Bruggink)

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

ROLAND S. ROLLINS, SR.,
Plaintiff,

v.

THE UNITED STATES,
Defendant.

# SUPPLEMENTAL APPENDIX TO PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Thomas J. Reed
Widener University School of Law
Veterans Law Clinic
P.O. Box 7474
Wilmington, DE 19803-0474
TEL: (302) 477-2070
FAX: (302) 477-2706
E-mail: tjreed@mail.widener.edu

## APPENDIX TABLE OF CONTENTS


| Item | Page |
|---|---|
| DD-214 Release from Active Duty Roland S. Rollins | A-20 |
| Pre-enlistment Physical Exam Form SF 88 | A-21 |
| Pre-enlistment Report of Medical history SF 93 | A-23 |
| Chronological Record of Medical Care for 23 Aug 1979 | A-25 |
| Chronological Record of Medical Care for 21 Sep 1979 | A-26 |
| Podiatric Consultation dated 17 Oct 1979 | A-28 |
| Chronological Record of Medical Care for 20 Mar 1980 | A-29 |
| Chronological Record of Medical Care for 6 Apr 1980 | A-30 |
| Chronological Record of Medical Care for 12 May 1980 | A-31 |
| Chronological Record of Medical Care for 7 Apr 1980 | A-32 |
| Chronological Record of Medical Care for 12 May 1980 | A-33 |
| Chronological Record of Medical Care for 12 Jun 1980 | A-34 |
| Chronological Record of Medical Care for 6-7 Aug 1980 | A-35 |
| Chronological Record of Medical Care for 30 Sep 1981 | A-37 |
| Chronological Record of Medical Care for 6 Nov 1980 | A-38 |
| Chronological Record of Medical Care for 16 Mar 1981 | A-39 |
| Chronological Record of Medical Care for 1 Oct, 20 Nov 1981 | A-40 |
| Physical Therapy Consultation dated 2 Feb 1982 | A-41 |
| Physical Profile dated 21 Jun 1982 | A-42 |
| VA Form 21-526 (Application for Compensation) received 1 Oct 1982 | A-44 |
| Letter from D. G. Spivey to Roland S. Rollins dated 15 Oct 1982 | A-48 |
| Rating Decision dated 28 Sep 1982 | A-49 |
| Letter from C. T. Keenan to Roland Rollins dated 28 Mar 2001 | A-51 |
| Rating Decision dated 16 Mar 2001 | A-53 |
| Second Rating Decision dated 16 Mar. 2001 | A-56 |
| Letter from C. T. Keenan to Roland Rollins dtd 15 Sep 2003 | A-59 |

CAUTION: NOT TO BE USED FOR IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD SAFEGUARD IT

5A)

ANY ALTERATIONS IN SHADED AREAS RENDER FORM VOID

**DD FORM 214** 1 JUL 79 — PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE.

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, first, middle) | 2. DEPARTMENT, COMPONENT AND BRANCH | 3. SOCIAL SECURITY NO. |
|---|---|---|
| ROLLINS, ROLAND SCOTT | ARMY RA | |

| 4a. GRADE, RATE OR RANK | 4b. PAY GRADE | 5. DATE OF BIRTH | 6. PLACE OF ENTRY INTO ACTIVE DUTY |
|---|---|---|---|
| PV1 | E1 | | Philadelphia, PA |

| 7. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 8. STATION WHERE SEPARATED |
|---|---|
| Co. A 307th MED FORSCOM FC | Ft. Bragg, NC 28307 |

| 9. COMMAND TO WHICH TRANSFERRED | 10. SGLI COVERAGE |
|---|---|
| NA | AMOUNT $ 35,000 ☐ NONE |

11. PRIMARY SPECIALTY NUMBER, TITLE AND YEARS AND MONTHS IN SPECIALTY *(Additional specialty numbers and titles involving periods of one or more years)*

91B10 Medical Specialist 3 YRS

| 12. RECORD OF SERVICE | YEAR (s) | MON (s) | DAY (s) |
|---|---|---|---|
| a. Date Entered AD This Period | 79 | 02 | 28 |
| b. Separation Date This Period | 82 | 07 | 01 |
| c. Net Active Service This Period | 03 | 04 | 04 |
| d. Total Prior Active Service | 00 | 00 | 00 |
| e. Total Prior Inactive Service | 00 | 00 | 02 |
| f. Foreign Service | 00 | 00 | 00 |
| g. Sea Service | 00 | 00 | 00 |
| h. Effective Date of Pay Grade | 82 | 05 | 24 |
| i. Reserve Oblig. Term. Date | 00 | 00 | 00 |

13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED *(All periods of service)*

Parachutist Badge, Expert Badge M-16, Expert Medical Badge, Army Service Ribbon.

14. MILITARY EDUCATION *(Course Title, number weeks, and month and year completed)*

Medical Specialist ( 6 wk) JUN 79
Emergency Medical Technician ( 8 wks) 80
Auto Equipment Operator ( 1 wk ) 79
Wheel Vehicle Mechanics Crse (5 wks) JUL 81

| 15. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | 16. HIGH SCHOOL GRADUATE OR EQUIVALENT | 17. DAYS ACCRUED LEAVE PAID |
|---|---|---|
| ☐ YES ☐ NO | ☒ YES ☐ NO | 5.5 |

18. REMARKS

SELECTIVE REENLISTMENT BONUS 1A PAID $2921.88 811007.
IMMEDIATE REENLISTMENT THIS PERIOD 790228-811006.
NOTHING FOLLOWS.

| 19. MAILING ADDRESS AFTER SEPARATION | 20. MEMBER REQUESTS COPY 6 BE SENT TO DIR. OF VET AFFAIRS |
|---|---|
| 500 Homestead Rd Apt 11 Bldg D., Wilmington, DE 19804 | DE ☐ YES ☐ NO |

| 21. SIGNATURE OF MEMBER BEING SEPARATED | 22. TYPED NAME, GRADE, TITLE AND SIGNATURE OF OFFICIAL AUTHORIZED TO SIGN |
|---|---|
| | T.E. O'NEIL SFC USA CHIEF USA TRANSFER POINT |

**SPECIAL ADDITIONAL INFORMATION** *(For use by authorized agencies only)*

| 23. TYPE OF SEPARATION | 24. CHARACTER OF SERVICE (Includes upgrades) |
|---|---|
| DISCHARGE | HONORABLE |

[redacted]

28. NARRATIVE REASON FOR SEPARATION

UNSUITABILITY-PERSONALITY DISORDER

| 29. DATES OF TIME LOST DURING THIS PERIOD | 30. MEMBER REQUESTS COPY 4 |
|---|---|
| NONE | INITIALS |

A-20

STATE DIRECTOR OF VETERANS AFFAIRS - 6

1. LAST NAME—FIRST NAME—MIDDLE NAME: Rollins, Rola
2. GRADE AND COMPONENT OR POSITION
3. IDENTIFICATION NO.
4. HOME ADDRESS (Number, street or RFD, city or town, State and ZIP Code)
5. PURPOSE OF EXAMINATION: ENL - army
6. DATE OF EXAMINATION: 1979
7. SEX: MALE
8. RACE: Negro
9. TOTAL YEARS GOVERNMENT SERVICE — MILITARY: none; CIVILIAN: none
10. AGENCY
11. ORGANIZATION UNIT
12. DATE OF BIRTH: 2/28/60
13. PLACE OF BIRTH
14. NAME, RELATIONSHIP, AND ADDRESS OF NEXT OF KIN
15. EXAMINING FACILITY OR EXAMINER, AND ADDRESS: AFEES, 1421 CHERRY ST. PHILA., PA. 19102
16. OTHER INFORMATION
17. RATING OR SPECIALTY
TIME IN THIS CAPACITY (Total)
LAST SIX MONTHS

## CLINICAL EVALUATION

| NORMAL | (Check each item in appropriate column, enter "NE" if not evaluated.) | ABNORMAL |
|---|---|---|
| ✓ | 18. HEAD, FACE, NECK AND SCALP | |
| ✓ | 19. NOSE | |
| ✓ | 20. SINUSES | |
| ✓ | 21. MOUTH AND THROAT | |
| ✓ | 22. EARS—GENERAL (Int. & ext. canals) (Auditory acuity under items 70 and 71) | |
| ✓ | 23. DRUMS (Perforation) | |
| ✓ | 24. EYES—GENERAL (Visual acuity and refraction under items 59, 60 and 67) | |
| ✓ | 25. OPHTHALMOSCOPIC | |
| ✓ | 26. PUPILS (Equality and reaction) | |
| ✓ | 27. OCULAR MOTILITY (Associated parallel movements, nystagmus) | |
| ✓ | 28. LUNGS AND CHEST (Include breasts) | |
| ✓ | 29. HEART (Thrust, size, rhythm, sounds) | |
| ✓ | 30. VASCULAR SYSTEM (Varicosities, etc.) | |
| ✓ | 31. ABDOMEN AND VISCERA (Include hernia) | |
| ✓ | 32. ANUS AND RECTUM (Hemorrhoids, fistulae) (Prostate, if indicated) | |
| ✓ | 33. ENDOCRINE SYSTEM | |
| ✓ | 34. G-U SYSTEM | |
| ✓ | 35. UPPER EXTREMITIES (Strength, range of motion) | |
| ✓ | 36. FEET | |
| ✓ | 37. LOWER EXTREMITIES (Except feet) (Strength, range of motion) | |
| ✓ | 38. SPINE, OTHER MUSCULOSKELETAL | |
| ✓ | 39. IDENTIFYING BODY MARKS, SCARS, TATTOOS | |
| ✓ | 40. SKIN, LYMPHATICS | |
| ✓ | 41. NEUROLOGIC (Equilibrium tests under item 72) | |
| ✓ | 42. PSYCHIATRIC (Specify any personality deviation) | |
| ✓ | 43. PELVIC (Females only) (Check how done) ☐ VAGINAL ☐ RECTAL | |

NOTES (Describe every abnormality in detail. Enter pertinent item number before each comment. Continue in item 73 and use additional sheets if necessary.)

(Continue in item 73)

44. DENTAL (Place appropriate symbols, shown in examples, above or below number of upper and lower teeth.)

Restorable teeth — Nonrestorable teeth — Missing teeth — Replaced by dentures — Fixed Partial dentures

| RIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | LEFT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 32 | 31 | 30 | 29 | 28 | 27 | 26 | 25 | 24 | 23 | 22 | 21 | 20 | 19 | 18 | 17 | |

REMARKS AND ADDITIONAL DENTAL DEFECTS AND DISEASES

URISTIX

## LABORATORY FINDINGS

45. URINALYSIS A. SPECIFIC GRAVITY
B. ALBUMIN: neg
C. SUGAR: neg
D. MICROSCOPIC
46. CHEST X-RAY (Place, date, film number and result)
47. SEROLOGY (Specify test used and result)
48. EKG
49. BLOOD TYPE AND RH FACTOR
50. OTHER TESTS

## MEASUREMENTS AND OTHER FINDINGS

51. HEIGHT 69 | 52. WEIGHT 148 | 53. COLOR HAIR Brown | 54. COLOR EYES Brown | 55. BUILD: ☐ SLENDER ☑ MEDIUM ☐ HEAVY ☐ OBESE | 56. TEMPERATURE

57. BLOOD PRESSURE (Arm at heart level)

A. SITTING SYS. 136 DIAS. 72 | B. RECUMBENT SYS. DIAS. | C. STANDING (5 min.) SYS. DIAS.

58. PULSE (Arm at heart level)

A. SITTING 80 | B. AFTER EXERCISE | C. 2 MIN. AFTER | D. RECUMBENT | E. AFTER STANDING 3 MIN.

59. DISTANT VISION
RIGHT 20/20 CORR. TO 20/
LEFT 20/20 CORR. TO 20/

60. REFRACTION
BY S. CX
BY S. CX

61. NEAR VISION
J1 CORR. TO BY
J1 CORR. TO BY

62. HETEROPHORIA (Specify distance)
ES* EX* R. H L. H. PRISM DIV. PRISM CONV. CT PC PD

PIP 2/14/85 ANSI 1969

63. ACCOMMODATION
RIGHT LEFT

64. COLOR VISION (Test used and result)

65. DEPTH PERCEPTION (Test used and score) UNCORRECTED CORRECTED

66. FIELD OF VISION

67. NIGHT VISION (Test used and score)

68. RED LENS TEST

69. INTRAOCULAR TENSION

70. HEARING
RIGHT WV /15 SV /15
LEFT WV /15 SV /15

71. AUDIOMETER

| | 250 | 500 | 1000 | 2000 | 3000 | 4000 | 6000 | 8000 |
|---|---|---|---|---|---|---|---|---|
| RIGHT | -5 | 5 | 0 | 10 | 10 | 10 | - | |
| LEFT | - | 10 | 5 | 0 | 10 | 25 | 35 | - |

72. PSYCHOLOGICAL AND PSYCHOMOTOR (Tests used and score)

73. NOTES (Continued) AND SIGNIFICANT OR INTERVAL HISTORY

NO DISQUALIFYING DEFECTS OR COMMUNICABLE DISEASE NOTED

| DATE | HT | WT | DOCTOR |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

(Use additional sheets if necessary)

74. SUMMARY OF DEFECTS AND DIAGNOSES (List diagnoses with item numbers)

75. RECOMMENDATIONS—FURTHER SPECIALIST EXAMINATIONS INDICATED (Specify)
Audio H.

76. A. PHYSICAL PROFILE

| P | U | L | H | E | S |
|---|---|---|---|---|---|
| 1 | 1 | 1 | 1 | 1 | 1 |

B. PHYSICAL CATEGORY

| A | B | C | E |
|---|---|---|---|
| ✓ | | | |

77. EXAMINEE (Check) army /ABN
A. ☑ IS QUALIFIED FOR
B. ☐ IS NOT QUALIFIED FOR

78. IF NOT QUALIFIED, LIST DISQUALIFYING DEFECTS BY ITEM NUMBER

79. TYPED OR PRINTED NAME OF PHYSICIAN GEORGE ISAJIW MD. FEE... SIGNATURE [signature]

80. TYPED OR PRINTED NAME OF PHYSICIAN SIGNATURE

81. TYPED OR PRINTED NAME OF DENTIST OR PHYSICIAN (Indicate which) SIGNATURE

82. TYPED OR PRINTED NAME OF REVIEWING OFFICER OR APPROVING AUTHORITY SIGNATURE [signature] NUMBER OF ATTACHED SHEETS
LEON SHMORHUN MD
CMO MEDICAL STATION

*USGPO: 1977 — 237-064

# [illegible]EPORT OF MEDICAL HIST[illegible]

(THIS INFORMATION IS FOR OF[illegible]AL AN[illegible] [illegible]EDICALLY-CONFIDENTIAL USE ONLY AND WILL NOT BE RE[illegible]ASED TO UNAUTHORIZED PERSONS)

1. LAST NAME—FIRST NAME—MIDDLE NAME
Rollins, Roland Scott

2. SOCIAL SECURITY OR IDENTIFICATION NO.

3. HOME ADDRESS (No. street or RFD, city or town, State, and ZIP CODE)

4. POSITION (Title, grade, component)

5. PURPOSE OF EXAMINATION
ENL - army

6. DATE OF EXAMINATION
FEB[illegible] 9

7. EXAMINING FACILITY OR EXAMINER, AND ADDRESS (Include ZIP Code)
A[illegible]
PHILA., PA. 19102

8. STATEMENT OF EXAMINEE'S PRESENT HEALTH AND MEDICATIONS CURRENTLY USED (Follow by description of past history, if complaint exists)

I am in good health.
no meds.

THIS [illegible]
Federal Law Providing [illegible]
imprisonment [illegible]
this Report of Medical H[illegible] R.R.

9. HAVE YOU EVER (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| | ✓ | Lived with anyone who had tuberculosis |
| | ✓ | Coughed up blood |
| | ✓ | Bled excessively after injury or tooth extraction |
| | ✓ | Attempted suicide |
| | ✓ | Been a sleepwalker |

10. DO YOU (Please check each item)

| YES | NO | (Check each item) |
|---|---|---|
| | ✓ | Wear glasses or contact lenses |
| ✓ | | Have vision in both eyes |
| | ✓ | Wear a hearing aid |
| | ✓ | Stutter or stammer habitually |
| | ✓ | Wear a brace or back support |

11. HAVE YOU EVER HAD OR HAVE YOU NOW (Please check at left of each item)

| YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) | YES | NO | DON'T KNOW | (Check each item) |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | ✓ | | Scarlet fever, erysipelas | | ✓ | | Cramps in your legs | | ✓ | | "Trick" or locked knee |
| | ✓ | | Rheumatic fever | | ✓ | | Frequent indigestion | | ✓ | | Foot trouble |
| ✓ | | | Swollen or painful joints | | ✓ | | Stomach, liver, or intestinal trouble | | ✓ | | Neuritis |
| ✓ | | | Frequent or severe headache | | ✓ | | Gall bladder trouble or gallstones | | ✓ | | Paralysis (include infantile) |
| | ✓ | | Dizziness or fainting spells | | ✓ | | Jaundice or hepatitis | | ✓ | | Epilepsy or fits |
| | ✓ | | Eye trouble | | ✓ | | Adverse reaction to serum, drug, or medicine | | ✓ | | Car, train, sea or air sickness |
| | ✓ | | Ear, nose, or throat trouble | | | | | | ✓ | | Frequent trouble sleeping |
| | ✓ | | Hearing loss | ✓ | | | Broken bones | | ✓ | | Depression or excessive worry |
| ✓ | | | Chronic or frequent colds | | ✓ | | Tumor, growth, cyst, cancer | | ✓ | | Loss of memory or amnesia |
| ✓ | | | Severe tooth or gum trouble | | ✓ | | Rupture/hernia | | ✓ | | Nervous trouble of any sort |
| | ✓ | | Sinusitis | | ✓ | | Piles or rectal disease | | ✓ | | Periods of unconsciousness |
| | ✓ | | Hay Fever | | | | Frequent or painful urination | | | | |
| ✓ | | | Head injury | | ✓ | | Bed wetting since age 12 | | | | |
| | ✓ | | Skin diseases | | ✓ | | Kidney stone or blood in urine | | | | |
| | ✓ | | Thyroid trouble | | ✓ | | Sugar or albumin in urine | | | | |
| | ✓ | | Tuberculosis | | ✓ | | VD—Syphilis, gonorrhea, etc. | | | | |
| | ✓ | | Asthma | | ✓ | | Recent gain or loss of weight | | | | |
| | ✓ | | Shortness of breath | | ✓ | | Arthritis, Rheumatism, or Bursitis | | | | |
| | ✓ | | Pain or pressure in chest | ✓ | | | Bone, joint or other deformity | | | | |
| | ✓ | | Chronic cough | | ✓ | | Lameness | | | | 12. FEMALES ONLY: HAVE YOU EVER |
| | ✓ | | Palpitation or pounding heart | | ✓ | | Loss of finger or toe | | | | Been treated for a female disorder |
| | ✓ | | Heart trouble | | ✓ | | Painful or "trick" shoulder or elbow | | | | Had a change in menstrual pattern |
| | ✓ | | High or low blood pressure | | ✓ | | Recurrent back pain | | | | |

13. WHAT IS YOUR USUAL OCCUPATION?
cleaning WorKer

14. ARE YOU (Check one)
☑ Right handed ☐ Left handed

93-101-01

| | |
|---|---|
| ✓ | 15. Have you been refused employment or been unable to hold a job or stay in school because of: A. Sensitivity to chemicals, dust, sunlight, etc. |
| ✓ | B. Inability to perform certain motions. |
| ✓ | C. Inability to assume certain positions. |
| ✓ | D. Other medical reasons (If yes, give reasons.) |
| ✓ | 16. Have you ever been treated for a mental condition? (If yes, specify when, where, and give details). |
| ✓ | 17. Have you ever been denied life insurance? (If yes, state reason and give details.) |
| ✓ | 18. Have you had, or have you been advised to have, any operations? (If yes, describe and give age at which occurred.) |
| ✓ | 19. Have you ever been a patient in any type of hospitals? (If yes, specify when, where, why, and name of doctor and complete address of hospital.) |
| ✓ | 20. Have you ever had any illness or injury other than those already noted? (If yes, specify when, where, and give details.) |
| ✓ | 21. Have you consulted or been treated by clinics, physicians, healers, or other practitioners within the past 5 years for other than minor illnesses? (If yes, give complete address of doctor, hospital, clinic, and details.) |
| ✓ | 22. Have you ever been rejected for military service because of physical, mental, or other reasons? (If yes, give date and reason for rejection.) |
| ✓ | 23. Have you ever been discharged from military service because of physical, mental, or other reasons? (If yes, give date, reason, and type of discharge: whether honorable, other than honorable, for unfitness or unsuitability.) |
| ✓ | 24. Have you ever received, is there pending, or have you applied for pension or compensation for existing disability? (If yes, specify what kind, granted by whom, and what amount, when, why.) |

I certify that I have reviewed the foregoing information supplied by me and that it is true and complete to the best of my knowledge. I authorize any of the doctors, hospitals, or clinics mentioned above to furnish the Government a complete transcript of my medical record for purposes of processing my application for this employment or service.

| TYPED OR PRINTED NAME OF EXAMINEE | SIGNATURE |
|---|---|
| Roland Scott Rollins | Roland S. Rollins |

NOTE: HAND TO THE DOCTOR OR NURSE, OR IF MAILED MARK ENVELOPE "TO BE OPENED BY MEDICAL OFFICER ONLY."

25. Physician's summary and elaboration of all pertinent data (*Physician shall comment on all positive answers in items 9 through 24. Physician may develop by interview any additional medical history he deems important, and record any significant findings here.*)

= UHP.
= acc. sprain
– F x (R) fingers – slight deformity
– acc. URI
– Seborrhea of scalp

| TYPED OR PRINTED NAME OF PHYSICIAN OR EXAMINER | DATE | SIGNATURE | NUMBER OF ATTACHED SHEETS |
|---|---|---|---|
| GEORGE [illegible] FEP | | [illegible signature] | |

REVERSE OF STANDARD FORM 93

U.S. GOVERNMENT PRINTING OFFICE: 1974 O-217-862

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101-11.806-8
October 1975

| HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE |
|---|---|
| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
| 13 Aug, 79 | TMC 11 FT. BRAGG, NC<br>SCREENED IAW AR 40-403 |
| AUG 23 1979<br>0825 | Troop Medical Clinic No. 11<br>82d Airborne Division<br>Ft Bragg, NC 28307<br>Pain (R) shoulder<br>Subj: 19 YO BM hurt shoulder Tues p.m. playing football<br>Has trouble sleeping.<br>OBJ: 1° AC separation (sprain) otherwise WNL.<br>Assessment: AC joint sprain.<br>Plan: Sling & motrin ASA<br>No use (R) shoulder x 3 wks.<br>Pt to PAP to review HxOC<br>NORMAN BIRCHER<br>CW3, PA, 458-64-0...<br>RECEIVED<br>NOV 15 1996<br>ADMINISTRATION<br>WILM. DEL. |

PATIENT'S IDENTIFICATION *(Use this Space for Mechanical Imprint)*

| PATIENT'S NAME *(Last, First, Middle initial)* | | | | SEX |
|---|---|---|---|---|
| Rollins, Roland | | | | M |
| YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE | |
| | | RA | Army | |
| SPONSOR'S NAME | | | RANK/GRADE | |
| SSAN OR IDENTIFICATION NO. | | ORGANIZATION | | |

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
| --- | --- |
| SEP 21 1979 | Troop Medical Clinic No. 11<br>82d Airborne Division<br>[illegible] NC 28307<br>Swollen feet & (L) knee<br>S — Pt. c/o burning in both feet since coming in army and [illegible]<br>c/o Pain in (L) knee intermittent.<br>O — Knee - Symptomatic - (L) knee no effusion, [illegible]<br>[illegible] FROM<br>Patellar inhibition<br>Feet - flat arches, no [illegible]<br>FROM ankles WNL<br>A - (1) Chondromalacia<br>(2) Flat arches<br>P - (1) Indocin 25 mg TID x 2 d [illegible]<br>(2) Run at own pace x 2 wks<br>(3) [illegible]<br>WALLACE J. WOOD PA<br>[illegible] 525 86 [illegible]<br>[signature] |
| OCT 1 [illegible] 1979<br>0905 | Medical Clinic No. 11<br>82d Airborne Division<br>[illegible] NC 28307<br>Feet<br>[illegible] Pain [illegible]<br>[illegible]<br>[signature]<br>HOWARD M. ROBERTSON<br>CPT, MC, 248-[illegible]-9017 |



U.S. GOVERNMENT PRINTING OFFICE : 1976 O—205-152

flat feet & fingers

pre

2-28-79 to 7-1-82 service

VAX 9-2-82 silent

original VA exam silent for rest problems

Standard Form 513
Rev. August 1954
Bureau of the Budget
Circular A—32

# CLINICAL RECORD

## CONSULTATION SHEET

REQUEST

TO: [illegible]

FROM: *(Requesting ward, unit, or activity)*

DATE OF REQUEST 10/17/79

REASON FOR REQUEST *(Complaints and findings)*

[illegible handwriting]

PROVISIONAL DIAGNOSIS

Symptomatic flat feet

DOCTOR'S SIGNATURE | APPROVED | PLACE OF CONSULTATION ☐ BEDSIDE ☐ ON CALL | ☐ EMERGENCY ☒ ROUTINE

CONSULTATION REPORT

NOV 8 1979

PODIATRY CLINIC
Womac A. H.
Ft. Bragg, N. C.

Dr. Diamante
0845

S: 20 y.o. B O [illegible]

O: [illegible] planus foot type B/C – flexible
no gross deformity noted
[illegible] pedal & ankle jts WNL & full –
~~[illegible]~~ [illegible] medial
~~[illegible]~~ bulge B/C
pronation syndrome — 2° to RF & FF
Also [illegible]
A: [illegible]
P: [illegible], schedule for orthotics

*(Continued on reverse side)*

SIGNATURE AND TITLE | DATE Dec. 14, 1979 | IDENTIFICATION NO. | ORGANIZATION

PATIENT'S IDENTIFICATION *(For typed or written entries give: Name—last, first, middle; grade; date; hospital or medical facility)* | REGISTER NO. | WARD NO.

Rollins, Roland S.
E-2

A/307
6-9722

CONSULTATION SHEET
Standard Form 513
513—104—03

Standard Form 600
General Services Administration and Interagency Committee on Medical Records
FPMR 101-11.806-8
October 1975

WOMACK ARMY HOSPITAL EMERGENCY ROOM

**HEALTH RECORD** — **CHRONOLOGICAL RECORD OF MEDICAL CARE**

DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (*Sign each entry*)

1980 MAR 29 AM 9:19

AMOSIST____ SPER____ PED____ ER PA____ POD____ 91G____

DATE/TIME: ADM by; AMB____ ARMS____ LITTER____ W/C____ AMBULANCE____ POV____

(278)

T____ P____ R____ B/P____ MENTAL STATUS____

Allergies NKA Pertinent Hx (L) foot inj

SUBJECTIVE:

sprain ... (R) foot

OBJECTIVE: R^t swollen & tender ... of foot ... OK

x-ray OK

Dx soft tissue injury

ASSESSMENT: ...

PLAN: ... crutches ... ice pack ... tylenol #3 (R) foot – OK

Disposition: ____ Condition on Release ____

Patient Instructions:

Doctor's Signature

PATIENT'S IDENTIFICATION (*Use this Space for Mechanical Imprint*)

A-307 MED

ROLLINS, ROLAND S.
28 FEB 60 M AD USA
E-? 13 TMC 11 A-?? 307 MED

PATIENT'S NAME (*Last, First, Middle initial*) | SEX
YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE
SPONSOR'S NAME | RANK/GRADE
SSAN OR IDENTIFICATION NO. | ORGANIZATION

MEDDAC Form 102 (Overprint SF 600)
1 Oct 78 (ER)

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 600
600-106-01

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101-11.806-8
October 1975

**HEALTH RECORD** | **CHRONOLOGICAL RECORD OF MEDICAL CARE**

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|---|---|
| 6 APR 80 | BAS 1-508 INF EGLIN AFB VIC DUKE FLD |
| | c/o (L) KNEE PAIN + SHIN |
| | S: 21 YOBM STEPPED IN HOLE |
| Medic | NIGHT 4 APR 80 LEG NOW STIFF |
| | AND SORE. |
| | O: Contusion mid Tibia (L) |
| | c lateral Colateral sprain mild. |
| | ∅ Edema |
| | A: see above |
| NKA | P. 1. ASA ii q 4 Hrs. |
| | 2. Ace Wrap |
| | 3. Duty limited to HHC 1-508 |
| | Company area c medics. |
| | May Rejoin unit for Airland |
| | F/U in Rear on sick call |
| | PRN. |
| | Norman D. Bircher |
| | NORMAN D. BIRCHER |
| | CW3 PA |

PATIENT'S IDENTIFICATION *(Use this Space for Mechanical Imprint)*

| PATIENT'S NAME *(Last, First, Middle initial)* | | | SEX |
|---|---|---|---|
| ROLLINS, ROLAND S | | | M |
| YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| 60 | ——— | AD | ARMY |
| SPONSOR'S NAME | | | RANK/GRADE |
| ——— | | | PFC E- |
| SSAN OR IDENTIFICATION NO. | | ORGANIZATION | |
| | | A 3-[illegible] | |

A-30

**CHRONOLOGICAL RECORD OF MEDICAL CARE**
Standard Form 600

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101-11.806-8
October 1975

WOMACK ARMY HOSPITAL EMERGENCY ROOM

**HEALTH RECORD** | **CHRONOLOGICAL RECORD OF MEDICAL CARE**

DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)*

AMOSIST____ SPER____ PED____ ER PA____ POD____ 91G____

DATE/TIME: 1980 MAY 12 PM 4:24

ADM by; AMB____ ARMS____ LITTER____ W/C____ AMBULANCE____ POV____

T 97.8 P 72 R 16 B/P 120/88 MENTAL STATUS alert

Allergies____ Pertinent Hx back injury

SUBJECTIVE: Thoracic + L-S spine

allegedly involved in [illegible] [illegible] accident c/o (R) post rib pain —
0 — 20 yo. AD black male NAD

OBJECTIVE: Chest — clear — [illegible] splinting
Tender (R) post rib cage 6-8th ribs.
Ht: RSR s̄ [illegible]
Back — no obvious spasm, protected

ASSESSMENT: ROM —

XRay — (R) rib detail, T & L-S spine neg

PLAN: A — Contusion Chest wall
Plan — Heat @ [illegible] F/U @ TMC
[illegible] x 24 hrs [illegible]
Parafon Forte

Disposition: Condition on Release

Patient Instructions:

[signature]
Doctor's Signature

PATIENT'S IDENTIFICATION *(Use this Space for Mechanical Imprint)*

| PATIENT'S NAME (Last, First, Middle initial) | | | SEX |
|---|---|---|---|
| Rollins Roland | | | M |
| YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| 1960 | | AD | RA |
| SPONSOR'S NAME | | | RANK/GRADE |
| | | | E-3 |
| SSAN OR IDENTIFICATION NO. | | ORGANIZATION | |
| | | A Co 307th Med Bn | |

MEDDAC Form 102 (Overprint SF 600)
1 Oct 78 (ER)

A-31

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 600
600-105-01

A/307

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101-11.806-8
October 1975

**HEALTH RECORD** | **CHRONOLOGICAL RECORD OF MEDICAL CARE**

DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)*

APR 07 1980 — TROOP MEDICAL CLINIC NO. 11
82nd AIRBORNE DIVISION
Ft. Bragg, N.C. 28307

s - pt. c/o pain in his (R) foot - says he dropped a 75 cal speaker on his foot on 30 mar 80; He was evaluated in the ER - x-rays were negative for fx; He used one crutch for eight days

o - Exam - (R) foot - only tenderness to palpation in the dorsum of the foot near the 2nd & 3rd toes; moderate edema is present in the area

a - Imp - Contusion

p - Plan - (1) Local heat
(2) Continue using crutches
(3) no running, jumping, PT x 7days

[signature]

MAY 28 1980 — TROOP MEDICAL CLINIC NO. 11
82nd AIRBORNE DIVISION
Ft. Bragg, N.C. 28307

CYC 3yday Keep hot compression applied to area Return to TMC #11 Tomorrow

[illegible] [illegible] [signature]
Cont Hot compress - [illegible]
[illegible] drugs QID

PATIENT'S IDENTIFICATION *(Use this Space for Mechanical Imprint)*

| PATIENT'S NAME (Last, First, Middle initial) | | | | SEX |
|---|---|---|---|---|
| Rollins Roland S. | | | | M |
| YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | | DEPART/SERVICE |
| 1960 | | Active | | Army |
| SPONSOR'S NAME | | | | RANK/GRADE |
| | | | | E-3 |
| SSAN OR IDENTIFICATION NO. | | ORGANIZATION | | |
| | | 307 Med [illegible] | | |

**CHRONOLOGICAL RECORD OF MEDICAL CARE**
Standard Form 600
600-106-01

**HEALTH RECORD** | **CHRONOLOGICAL RECORD OF MEDICAL CARE**

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|---|---|
| 5-12-80 | Allegedly in a govt accident - Allegedly drove [illegible] it into ditch - |
| | Complains pain back at level T-8-10 - No Tenderness over spine |
| | patient walked in - Tender on compression of chest - |
| | Imp: Contusion of chest - |
| | Disp: X-rays chest for rib detail - |
| | [illegible] Col M/C |
| | [illegible] |

7 Aug 80

PATIENT'S IDENTIFICATION *(Use this Space for Mechanical Imprint)*

PATIENT'S NAME *(Last, First, Middle initial)*: Rolling, Roland S.

SEX: M

YEAR OF BIRTH: 1960

RELATIONSHIP TO SPONSOR:

COMPONENT OR STATUS:

DEPARTMENT OR SERVICE: R.A.

SPONSOR'S NAME:

RANK/GRADE: E-3

SVC OR IDENTIFICATION NO.:

ORGANIZATION: A Co 307th Med Bn

**CHRONOLOGICAL RECORD OF MEDICAL CARE**

Standard Form 600
February 1969
General Services Administration and
Interagency Comm. on Medical Records
FPMR 101-11.809-3
600-109

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
|---|---|
| | No Outdoor Duty |
| | [illegible] in [illegible]. |
| | [signature] |
| JUN 2 1980 | TROOP MEDICAL CLINIC NO. 11 82nd AIRBORNE DIVISION Ft. Bragg, N. C. 28307 [illegible stamp] TIME IN [illegible] TIME OUT |
| | Ext Hordeolum (R) lower lid. ē mild drainage. |
| | To ENT. |
| | [signature] |
| | NKA [illegible] |
| JUN 12 1980 | TROOP MEDICAL CLINIC NO. 11 82nd AIRBORNE DIVISION Ft. Bragg, N. C. 28307 TIME IN [illegible] TIME OUT |
| | S: Back & stomach 2° being thrown from Jeep x3 [illegible] ago. |
| | O: SLRs ⊖: Removes & Replaces clothing well; DTRs ⊕2 (B) Knee & ankle. tender to palpation (B) PVM [illegible] (L) & (R) to $L_3 - L_5$. |
| | A: [illegible] Lumbar Muscle Spasm. |
| | P: (1) ASA. (2) [illegible] (3) Analgesic Balm (4) Bed Rest x 8 hr. |
| | [signature] CARTER D. STEPHENS CW2, PA, [illegible] |

A-34

U.S. GOVERNMENT PRINTING OFFICE : 1976 O-205-152

DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry)

IV AUG 6 1980

TROOP MEDICAL CLINIC NO. 11
82nd AIRBORNE DIVISION
Ft. Bragg, N. C. 28307

Back injury on jump

SM has neck and (L) buttock pain.

PE: Palpable trap spasm (L) > (R)

Tender mid gluteal (L)

SLR (–), Heel-toe (–)

Imp: Myalgia

Plan: (1) QMs x 48.

(2) TP3 Code C05 x 10d.

(3) CAMA, Balm, Parafon.

(4) Cx & LS flexion exercises

[signature]

DUANE K. PAULUS
[struck through number]
CW2, PA-C

N/G
EKG
FOLEY
X-RAYS
U/A
CNC
BUN
GLU
LYTES
CA
K
LDH
SGOT
CPK
PT/PTT
A MYLASE
Other

Nurse's Notes:

Vital Signs

AUG 27 1980

| Time | P | R | B/P |
|---|---|---|---|

TROOP MEDICAL CLINIC NO. 11
82nd AIRBORNE DIVISION
Ft. Bragg, N.C. 28307

(L) foot sprain / back pain

TIME IN 0858 TIME OUT 1300

(S:) Moving heavy eqpt yesterday, fell + injured (L) foot, back, neck –

(O:) Tender to almost anywhere that I touch – esp (L) lat ankle, (L) leg pain, (L) + (R) back, Neck – ROM not significantly ↓

(A) Contusions / Sprains, exaggerated

(P) indoor duty x 2 days – NO PT/run
Tolectin 400 tid x 3, 200 tid x 7
Ace wrap → foot
Reassure
Cervical collar

[signature] ... UNOT CPT, MC
3rd Brigade Surgeon
82nd Airborne Division
Ft. Bragg, N.C. 28307

U.S. GOVERNMENT PRINTING OFFICE : 1976 O–205–152

3

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
| --- | --- |
| | O- HEENT - Normocephalic, sl cervical |
| | spine tenderness noted after fall on |
| | base of neck. Nasal mucosa, Throat - ... |
| | Chest & lungs - clear AUS |
| | COR - RSR [illegible] CBC - WBC |
| | ESR - 56 |
| | Abd - soft c̄ epigastric tenderness KUB - [illegible] |
| | UA [illegible] |
| | A - acute Gastroesophagitis Viral |
| | P 1) Lomotil 2.5mg i Q4h |
| | 2) Donnatol i Q [illegible] |
| | 3) Tylenol ii Q 4h |
| | 4) 24 hrs Qtrs |
| | [signature] |



U.S. GOVERNMENT PRINTING OFFICE: 1980-323-665

General Services Administration
Interagency Committee on Medical R...
FPMR 101-11.806-8
October 1975
Exc... Approved by NARS
1 Aug ...

HEALTH RECORD | CHRONOLOGICAL RECORD OF MEDICAL CARE

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
| --- | --- |
| SEP 21 1981 | Troop Medical Clinic #11<br>Ft. Bragg, N.C. 28307<br>Time In 0900 |
| | Donnatal pm belly cramps (#20) |
| | DUANE K.PAULUS<br>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<br>CW2.PA-C |
| SEP 30 1981 | Troop Medical Clinic #11<br>Ft. Bragg, N.C. 28307<br>Time In |
| | S: 22yo B ♂ c̄ c/o pain & stiffness in neck since struck in neck during football game. Ø dyspnea some dysphagia. |
| | O: ↓ ROM, tenderness to palpation over SCM muscles & in area C-3/4. |
| | X-Ray |
| | Pt. did not return to TMC |
| | CW2PA<br>Douglas M. Moriarity<br>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, CWO, MC<br>Physician Assistant |

PATIENT'S IDENTIFICATION (Use this Space for Mechanical Imprint)

RECEIVED
NOV 15 1996
ADJUDICATION
WILM., DEL.

| PATIENT'S NAME (Last, First, Middle initial) | | | SEX |
| --- | --- | --- | --- |
| Rollins, Roland S | | | M |
| YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| 1960 | | AD | Army |
| SPONSOR'S NAME | | | RANK/GRADE |
| | | | E 4 |
| SSAN OR IDENTIFICATION NO. | | ORGANIZATION | |
| | | A 307 ... | |

A-37

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 600
600-106-01

Standard Form 600
General Services Administration and
Interagency Committee on Medical Records
FPMR 101-11.806-8
October 1975

Exception Approved by NARS
1 Aug 79

WOMACK ARMY HOSPITAL EMERGENCY ROOM

HEALTH RECORD — CHRONOLOGICAL RECORD OF MEDICAL CARE

DATE — SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)*

AMOSIST ____ SPER ____ PED ____ ER PA ✓ POD ____ 910 ____

DATE/TIME: ADM by: AMB ____ ARMS ____ LITTER ____ W/C ____ AMBULANCE ____ POV ✓

T 98° P 88 R 16 B/P 112/92 MENTAL STATUS ALERT

Allergies NKA Pertinent Hx FLU - [illegible]

SUBJECTIVE: [illegible handwriting] nausea - Vomiting [illegible]

26

[illegible] General malaise - [illegible]

OBJECTIVE: [illegible] Throat and lung clear - Abd [illegible] B/S. no masses

2008 NOV -6 AM 9:08

ASSESSMENT: [illegible] Viral Syndrome

PLAN: Tigan Suppos. Clear fluids Tylenol q 4 h RTC [illegible] 24

Disposition: ____ Condition on Release ____

Patient Instructions: ____

Doctor's Signature

PATIENT'S IDENTIFICATION *(Use this Space for Mechanical Imprint)*

ROLLINS, [illegible]
M [illegible]
F-3 13 TMC 11 A [illegible] 307 MED

| PATIENT'S NAME (Last, First, Middle initial) | | | SEX |
|---|---|---|---|
| YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE |
| SPONSOR'S NAME | | | RANK/GRADE |
| SSAN OR IDENTIFICATION NO. | | ORGANIZATION A Co 307th Me[illegible] | |

A-38

MEDDAC Form 102 (Overprint SF 600)

TMC # 11

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 600
600-106-01

Standard Form 600
General Services Administration and Interagency Committee on Medical Records
FPMR 101-11.806-8
October 1975
Exception Approved by NARS
1 Aug 79

WOMACK ARMY HOSPITAL EMERGENCY ROOM

**HEALTH RECORD** | **CHRONOLOGICAL RECORD OF MEDICAL CARE**

DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry)

AMOSIST____ SPER____ PED____ ER PA____ POD____ 91G____

DATE/TIME: ADM by; AMB____ ARMS____ LITTER____ W/C____ AMBULANCE____ POV____

T 98.9 P 64 R 16 B/P 114/78 MENTAL STATUS

Allergies none Pertinent Hx Chemicals in eyes

SUBJECTIVE: 21 y/o AD male was working on his car w/o protective goggles & was using carburetor cleaner-chemicals went. Rinsed face w/H2O. C/O burning to OU w/o FB sensation

1981 MAR 16

OBJECTIVE: [illegible] ...

ASSESSMENT: Chemical [illegible] to face, mild

PLAN: Irrigated / Bacitracin
LWC

Disposition: [illegible] Duty  Condition on Release [illegible]

Armando Arkangel Jr
MC, 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
Doctor's Signature

Patient Instructions:

PATIENT'S IDENTIFICATION (Use this Space for Mechanical Imprint)

ROLLINS, ROLAND S.
M AD USA
[illegible] 11 A CO 307

PATIENT'S NAME (Last, First, Middle initial) | SEX
YEAR OF BIRTH | RELATIONSHIP TO SPONSOR | COMPONENT/STATUS | DEPART/SERVICE
SPONSOR'S NAME MED | RANK/GRADE
SSAN OR IDENTIFICATION NO. | ORGANIZATION

MEDDAC Form 102 (Overprint SF 600)
1 Oct 78 (ER)

A-39

CHRONOLOGICAL RECORD OF MEDICAL CARE
Standard Form 600
600-106-01

| DATE | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry) |
| --- | --- |
| 1 Oct 81 | Pt returned to TMC today much |
| TMC 9 | improved still c̄ tenderness over |
| | SCM muscles + C-3/4 area. Pt. |
| | states X-Ray lost X-rays taken |
| | yesterday. |
| | Plan: Norgesic ĪĪ qid |
| | Repeat Lat. C-Spine |
| | RTC in AM [signature] PA |
| NOV 20 1981 | Troop Medical Clinic #11 |
| | Ft. Bragg, N.C. 28307 |
| | Time In ____ Time In: 0845 Time Out ____ |
| | S: 21 y/o BM c̄ lower abd pain |
| | x 3 Days (No BM x 3 Days) |
| | usually BID, FM Hx of |
| | Diabetes |
| | O: Temp 100.8 B/P 102/70 |
| | Review of records shows several normal |
| | U/A, and a nonfasting Blood sugar of 96. |
| | Plan: ① Medical consult (re: Fx Bowel) |
| | ② Metamucil tbsp i bid |
| | ③ FBS and 2hr PP. |
| | [signature] |
| | DUANE K. PAULUS |
| | CW3, PA-C |

RECEIVED

NOV 15 1996

ADJUDICATION
WILM., DEL.



U.S. GOVERNMENT PRINTING OFFICE: 1980-323-665

**MEDICAL RECORD** | **CONSULTATION SHEET**

**REQUEST**

TO: PT

FROM: (Requesting physician or activity) TMC 4

DATE OF REQUEST

REASON FOR REQUEST (Complaints and findings)

22 y.o. B ♂ c̄ recurrent (R) shoulder dislocation. Pt. now 5 wk s/p dislocation. Please begin shoulder strengthening exercises

PROVISIONAL DIAGNOSIS

(R) shoulder dislocation

PHYSICIAN'S SIGNATURE | APPROVED | PLACE OF CONSULTATION ☐ BEDSIDE ☐ ON CALL | ☐ ROUTINE ☐ TODAY ☐ 72 HOURS ☐ EMERGENCY

Douglas M. Moriarity
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, CWO, MC
Physician Assistant

**CONSULTATION REPORT**

Physical Therapy Section
Womack ACH
Ft. Bragg, NC
Phone # 6-2788
FEB 03

S: 22 y/o ♂ c̄ recurrent (R) shoulder dislocation - 4X. Pt injured ... 5 wks. Pt has worn shoulder immobilizer for ... for strengthening Ex.

O: AROM - flexion - WNL - abduction: 100° pain free, ... Pt instructed in strengthening for ... c̄ ... motion. (R) shoulder c̄ rubber tubing.

A: Recurrent (R) shoulder dislocation ...

P: Home Ex program to strengthening Int. Rotators.

G: ↑ strength (R) shoulder

(Continued on reverse side)

SIGNATURE AND TITLE

Jean M Bryan SP AMSC

DATE 3 Feb ...

IDENTIFICATION NO. | ORGANIZATION | REGISTER NO. | WARD NO.

PATIENT'S IDENTIFICATION (For typed or written entries give: Name—last, first, middle; grade; rank; rate; hospital or medical facility)

Rollins, Roland
20 7380
TMC #11 A1307 Mil

☆ GPO 1979: 311-158

CONSULTATION SHEET
STANDARD FORM 513
Prescribed by GSA/ICMR
FIRMR 101-11.806-8
513-107

A-41

## PHYSICAL PROFILE BOARD PROCEEDINGS

I e of this form, see AR 40-501; the proponent agency is the Office of The Surgeon General

MEDICAL TREATMENT FACILITY: WACH

DATE: 21 June 82

1. NAME (Last, First, MI): ROLLINS, ROLAND S.

2. SSN:

3. GRADE: E-2

4. ORGANIZATION: A CO 307 MED BN TMC # 11

5. COMPONENT:

### PHYSICAL PROFILE

6. FACTORS

| P | U | L | H | E | S |
|---|---|---|---|---|---|
| | T-3 | | | | |

(Enter T when applicable)

7. PHYSICAL DEFECTS (Non-technical language)

Recurring dislocation right shoulder.

8. ASSIGNMENT LIMITATIONS ARE AS FOLLOWS:

No crawling, no hand to hand combat or contact sports, no handling of heavy materials, no over head work, no push ups or pull ups, no climbing of rope or ladder.

9. This profile ☐ is permanent ☒ is temporary and expires on 21 July 82 (Enter date).

10. TYPED NAME AND GRADE OF PROFILING OFFICER: ~HUR MITTNACHT, MD

SIGNATURE: Arthur Mittnacht

1 ~PED NAME AND GRADE OF PROFILING OFFICER

SIGNATURE

### ACTION BY APPROVING AUTHORITY

12. Permanent change of profile is ☐ approved ☐ is not approved.

13. TYPED NAME, GRADE AND TITLE OF APPROVING AUTHORITY

SIGNATURE

DATE

### ACTION BY UNIT COMMANDER

14. The permanent change in the physical profile serial ☐ does ☐ does not require a change in the member's ☐ military occupational specialty ☐ duty assignment because: *(State the specific details concerning the physical functions required of the member and why the member can or cannot continue satisfactory performance of duty).*

15. TYPED NAME AND GRADE OF UNIT COMMANDER

SIGNATURE

DATE

REMARKS

A-42

DISTRIBUTION: Unit Commander - Original and 1 copy *(to be delivered by means other than the individual on whom report is made)*; Health Record Jacket - 1 copy; Clinic File - 1 copy.

*SEE CODES ON REVERSE*

## ASSIGNMENT RESTRICTIONS, GEOGRAPHICAL OR CLIMATIC AREA LIMITATIONS

CODE: A - None.

B - None.

C - No crawling, stooping, running, jumping, marching, or standing for long periods. *(State time permitted in item 8)*

D - No mandatory strenuous physical activity. *(State time permitted in item 8)*

E - No assignment to units requiring continued consumption of combat rations.

F - No assignment to isolated areas where definitive medical care is not available. *(MAAG, Military Missions, etc.)*

G - No assignment requiring handling of heavy materials including weapons *(except individual weapon, e.g., rifle, pistol, carbine, etc.)*. No overhead work, no pullups or pushups. *(State time permitted in item 8)*

H - No assignment to unit where sudden loss of consciousness would be dangerous to self or others such as work on scaffolding, handling ammunition, vehicle driving, work near moving machinery.

J - No assignment or duty in an area where safety of individual or others requires acute hearing. Hearing protection is required when exposed to hazardous noise for protection of individual's health.

L - No assignment requiring daily exposure to extreme cold. *(List specific time or areas in item 8)*

M - No assignment requiring exposure to high environmental temperature. *(List specific time or areas in item 8)*

N - No continuous wearing of combat boots. *(State length of time in item 8)*

P - No continuous wearing of woolen clothes. *(State length of time in item 8)*

U - Limitation not otherwise described to be considered individually. *(Briefly define limitation in item 8)*

FORM APPROVED
OMB NO. 2900-0001

# VETERAN'S APPLICATION FOR COMPENSATION OR PENSION

IMPORTANT – Read attached General and Specific Instructions before completing this form. Type, print or write plainly.

(DO NOT WRITE IN THIS SPACE) VA DATE STAMP

1. FIRST NAME - MIDDLE NAME - LAST NAME OF VETERAN: Roland Scott Rollins

1B. TELEPHONE NO. (Incl. Area Code): None

2. MAILING ADDRESS OF VETERAN (Number and street or rural route, city or P.O., State and ZIP Code): 105 N. Rodney St. Wilmington, Delaware 19805

3A. VETERAN'S SOC. SECURITY NO.

3B. SPOUSE'S SOC. SECURITY NO.

4. DATE OF BIRTH: 80 | 5. PLACE OF BIRTH: Wilm, Del | 6. SEX: male | 7. RAILROAD RETIREMENT NO.

8. HAVE YOU EVER FILED A CLAIM FOR COMPENSATION FROM THE OFFICE OF WORKERS' COMPENSATION PROGRAMS? (Formerly the U.S. Bureau of Employees Compensation)
☐ YES ☑ NO

9A. VA FILE NO.: 29650878
C–

9B. HAVE YOU PREVIOUSLY FILED A CLAIM FOR ANY BENEFIT WITH THE VETERANS ADMINISTRATION?

☐ ...
☑ ...
☐ WAIVER OF NSLI PREMIUMS
☐ DISABILITY COMPENSATION OR PENSION
☑ VOCATIONAL REHABILITATION (Chapter 31)
☐ VETERANS EDUCATIONAL ASSISTANCE (Chapter 32 or 34)
☐ WAR ORPHANS OR DEPENDENTS EDUCATIONAL ASSIST. (Chap. 35)
☑ DENTAL OR OUTPATIENT TREATMENT
☐ OTHER (Specify)

9C. VA OFFICE HAVING YOUR RECORDS (If known): V.A. Regional

## SERVICE INFORMATION

NOTE: Enter complete information for each period of active duty including Reservist or National Guard Status. Attach Form DD 214 or other separation papers for all periods of active duty to expedite processing of your claim. If you do not have your DD 214 or other separation papers check (✓) here ☐

| 10A. ENTERED ACTIVE SERVICE – DATE | PLACE | 10B. SERVICE NO. | 10C. SEPARATED FROM ACTIVE SERVICE – DATE | PLACE | 10D. GRADE, RANK OR RATING, ORGANIZATION OR BRANCH OF SERVICE |
|---|---|---|---|---|---|
| 26 Feb 81 | Philadelphia PA | 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 | 1 July 82 | Ft. Bragg NC. | E-4 to E-1 |
| | | | | | |

CEST: PROCESSED 10/08/86
BY: [signature]
Adjudication Division

10E. HAVE YOU EVER BEEN A PRISONER OF WAR? (If "Yes," complete Items 10F and 10G) ☐ YES ☐ NO | 10F. NAME OF COUNTRY: N/A | 10G. DATES OF CONFINEMENT: N/A

11. IF YOU SERVED UNDER ANOTHER NAME, GIVE NAME AND PERIOD DURING WHICH YOU SERVED AND SERVICE NO.: N/A

12. IF RESERVIST OR NATIONAL GUARDSMAN, GIVE BRANCH OF SERVICE AND PERIOD OF ACTIVE OR INACTIVE TRAINING DUTY DURING WHICH DISABILITY OCCURRED: July 1979

13A. IF YOU ARE NOW A MEMBER OF THE RESERVE FORCES OR NATIONAL GUARD GIVE THE BRANCH OF SERVICE: N/A
13B. RESERVE STATUS: ☐ ACTIVE ☐ INACTIVE ☐ RESERVE OBLIGATION — N/A
13C. RESERVE OR NATIONAL GUARD UNIT ADDRESS: N/A

14A. ARE YOU NOW RECEIVING OR WILL YOU RECEIVE RETIREMENT OR RETAINER PAY FROM THE ARMED FORCES? ☐ YES ☑ NO (If "Yes," complete Item 14B, 14C, and 14D)
14B. BRANCH OF SERVICE: N/A
14C. MONTHLY AMOUNT: $ N/A
14D. RETIRED STATUS: ☐ PERMANENT ☐ TEMPORARY DISABILITY RETIRED LIST

15A. HAVE YOU EVER APPLIED FOR OR RECEIVED DISABILITY SEVERANCE PAY FROM THE ARMED FORCES? ☐ YES ☑ NO (If "Yes," complete Item 15B)
15B. AMOUNT: N/A
16A. HAVE YOU RECEIVED LUMP SUM READJUSTMENT PAY FROM THE ARMED FORCES? ☐ YES ☑ NO (If "Yes," complete Item 16B)
16B. AMOUNT: $

## MARITAL AND DEPENDENCY INFORMATION

17A. MARITAL STATUS (Check one): ☐ MARRIED ☐ WIDOWED ☐ DIVORCED ☑ NEVER MARRIED (If so, do not complete Items 17B through 21D)
17B. SPOUSE'S BIRTHDATE: N/A

17C. NUMBER OF TIMES YOU HAVE BEEN MARRIED: N/A
17D. NUMBER OF TIMES YOUR PRESENT SPOUSE HAS BEEN MARRIED: N/A
17E. IS YOUR SPOUSE ALSO A VETERAN? ☐ YES ☑ NO (If "Yes," complete Item 17F, if known)
17F. SPOUSE'S VA FILE NO.: N/A C–

18A. DO YOU LIVE TOGETHER? N/A ☐ YES ☐ NO (If "No," complete Items 18B through 18D)
18B. REASON FOR SEPARATION: N/A
18C. PRESENT ADDRESS OF SPOUSE: N/A

18D. AMOUNT YOU CONTRIBUTE TO YOUR SPOUSE'S SUPPORT MONTHLY: N/A

19. CHECK (✓) WHETHER YOUR CURRENT MARRIAGE WAS PERFORMED BY: N/A
☐ CLERGYMAN OR AUTHORIZED PUBLIC OFFICIAL ☐ OTHER (Explain)

A-44

VA FORM 21-526
SUPERSEDES VA FORM 21-526, JAN 1981, WHICH WILL NOT BE USED.

24 Oct 1982

NOTE: Furnish the following information about each of your marriages. A certified copy of the public or church record of your CURRENT marriage is required.

| 20A. DATE AND PLACE OF MARRIAGE | 20B. TO WHOM MARRIED | 20C. TERMINATED (Death, Divorce) | 20D. DATE AND PLACE TERMINATED |
|---|---|---|---|
| N/A | | | --- |
| | | | |

RECEIVED OCT ADJUDICATION WILM., DEL.

FURNISH THE FOLLOWING INFORMATION ABOUT EACH PREVIOUS MARRIAGE OF YOUR PRESENT SPOUSE

| 21A. DATE AND PLACE OF MARRIAGE | 21B. TO WHOM MARRIED | 21C. TERMINATED (Death, Divorce) | 21D. DATE AND PLACE TERMINATED |
|---|---|---|---|
| | | | |
| | | | |

IDENTIFICATION OF CHILDREN AND INFORMATION RELATIVE TO CUSTODY

NOTE: Furnish the following information for each of your unmarried children. A certified copy of the public or church record of birth or court record of adoption is required.

| 22A. NAME OF CHILD (First, middle initial, last) | 22B. DATE OF BIRTH (Month, day, year) | 22C. SOCIAL SECURITY NUMBER OF CHILD | 22D. CHECK EACH APPLICABLE CATEGORY: MARRIED PREVIOUSLY | STEPCHILD OR ADOPTED | ILLEGITIMATE | OVER 18 ATTENDING SCHOOL | SERIOUSLY DISABLED |
|---|---|---|---|---|---|---|---|
| Roland S. Rollins Jr. | 11/25/78 | 02-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 | no | No | yes | No | No |
| Romiqueca L. Burley | 06/22/77 | 07-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 | no | no | yes | No | No |
| | | | | | | | |

22E. NAME AND ADDRESS(ES) OF PERSON(S) HAVING CUSTODY OF CHILD(REN), IF OTHER THAN VETERAN.
Rouieta Burley 1200 N. Conrad St. Wilmington DEL. 19805
Althea Stewart 3003 N. Madison St. Wilmington, DEL. [illegible]

| 23A. IS YOUR FATHER DEPENDENT UPON YOU FOR SUPPORT? | 23B. NAME AND ADDRESS OF DEPENDENT FATHER | 23C. IS YOUR MOTHER DEPENDENT UPON YOU FOR SUPPORT? |
|---|---|---|
| ☐ YES ☒ NO (If "Yes," complete 23B) | N/A | ☒ YES ☐ NO (If "Yes," complete 23D) |

| 23D. NAME AND ADDRESS OF DEPENDENT MOTHER | 23E. NAME AND ADDRESS OF NEAREST RELATIVE | 23F. RELATIONSHIP OF NEAREST RELATIVE |
|---|---|---|
| Theodosia M. Rollins 105 N. Rodney St. Wilm. Del. 19805 | Theodosia M. Rollins 105 N. Rodney St. Wilmington, DEL. 19805 | Mother |

NATURE AND HISTORY OF DISABILITIES

24. NATURE OF SICKNESS, DISEASE OR INJURIES FOR WHICH THIS CLAIM IS MADE AND DATE EACH BEGAN
Right Shoulder Dislocations, July 1979
Back + Spinal Problems Feb 1980
Eye Problems DEC 1980
Loss of Hearing (Some) Date Unknown
Recurrent Viral Syndrome May 1979
Personality Disorder - July 82

| 25A. ARE YOU NOW OR HAVE YOU BEEN HOSPITALIZED OR FURNISHED DOMICILIARY CARE WITHIN THE PAST 3 MONTHS? | 25B. DATES OF HOSPITALIZATION OR DOMICILIARY CARE | 25C. NAME AND ADDRESS OF INSTITUTION |
|---|---|---|
| ☐ YES ☒ NO (If "Yes," complete 25B and 25C) | N/A | N/A |

NOTE: Items 26, 27, and 28 need NOT be completed unless you are now claiming compensation for a disability incurred in service.

IF YOU RECEIVED ANY TREATMENT WHILE IN SERVICE, COMPLETE THE FOLLOWING INFORMATION

| 26A. NATURE OF SICKNESS, DISEASE OR INJURY | 26B. DATES OF TREATMENT | 26C. NAME, NUMBER OR LOCATION OF HOSPITAL, FIRST-AID STATION, DRESSING STATION OR INFIRMARY | 26D. ORGANIZATION AT TIME SICKNESS, DISEASE OR INJURY WAS INCURRED |
|---|---|---|---|
| (R) Shoulder Dislocations | refer to medical file | TMC #11 Ft. Bragg N.C. | Aco 307th MED. Bn. |
| Loss of Hearing | Same | TMC #11 Ft. Bragg N.C. | Aco 307th MEd. Bn. |
| Viral Syndrome | May 1979 | refer to medical file FSHTX | Academy of Health + Sciences FSHTX |
| Eye Problems | march 1982 | TMC #11 Ft. Bragg N.C. | Aco 307th MEd. Bn. |
| Back + Spinal Problems | refer to file | TMC #11 | Same As Above | Same As Above |
| [illegible] | medical file | TMC #10 | Same As Above | Same As Above |

LIST CIVILIAN PHYSICIANS AND HOSPITALS WHERE YOU WERE TREATED FOR ANY SICKNESS, INJURY OR DISEASE SHOWN IN ITEM 26A, BEFORE, DURING OR SINCE YOUR SERVICE, AND ANY MILITARY HOSPITALS SINCE YOUR LAST DISCHARGE

| 27A. NAME | 27B. PRESENT ADDRESS | 27C. DISABILITY | 27D. DATE |
|---|---|---|---|
| efer to Medicalfile | V.A. Hospital Wilmington, DEl. | pending | 14 July 1982 |
| | | | |
| | | | |

LIST PERSONS OTHER THAN PHYSICIANS WHO KNOW ANY FACTS ABOUT ANY SICKNESS, DISEASE OR INJURY SHOWN IN ITEM 26A, WHICH YOU HAD BEFORE, DURING OR SINCE YOUR SERVICE

| 28A. NAME | 28B. PRESENT ADDRESS | 28C. DISABILITY | 28D. DATE |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

IF YOU CLAIM TO BE TOTALLY DISABLED *(Complete Items 29A through 32E)*

29A. ARE YOU NOW EMPLOYED? NO

29B. IF YOU WERE SELF-EMPLOYED BEFORE BECOMING TOTALLY DISABLED, WHAT PART OF THE WORK DID YOU DO? N/A

29C. DATE YOU LAST WORKED July 1, 1982

29D. IF YOU ARE STILL SELF-EMPLOYED WHAT PART OF THE WORK DO YOU DO NOW? N/A

30A. EDUCATION *(Circle highest year completed)* 1 2 3 4 5 6 7 8 (GRADE SCHOOL) 1 2 3 (4) (HIGH SCHOOL) (1) 2 3 4 (COLLEGE)

30B. NATURE OF AND TIME SPENT IN OTHER EDUCATION AND TRAINING: Emergency Tech – Ft Bragg FTI; Auto-motive Mech – FTI, Ft. Bragg; Auto-Equipment operator same as above

LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, FOR ONE YEAR BEFORE YOU BECAME TOTALLY DISABLED

| 31A. NAME AND ADDRESS OF EMPLOYER | 31B. KIND OF WORK | 31C. MONTHS WORKED | 31D. TIME LOST FROM ILLNESS | 31E. TOTAL EARNINGS |
|---|---|---|---|---|
| U.S. Army (82nd ABN DIV) Ft. Bragg, N.C. 28307 | Medical specialist | 40 | refer to med file | 780 A month |
| | | | | |

LIST ALL YOUR EMPLOYMENT, INCLUDING SELF-EMPLOYMENT, SINCE YOU BECAME TOTALLY DISABLED

| 32A. NAME AND ADDRESS OF EMPLOYER | 32B. KIND OF WORK | 32C. MONTHS WORKED | 32D. TIME LOST FROM ILLNESS | 32E. TOTAL EARNINGS |
|---|---|---|---|---|
| N/A | | | | |
| | | | | |

RECEIVED OCT 15 1982

NET WORTH OF VETERANS AND DEPENDENTS *(See attached Instructions for Items 33A to 33E inclusive)*

NOTE: Items 33A through 33E should be completed ONLY if you are applying for non-service-connected pension.

N/A

| ITEM NO. | SOURCE | VETERAN | SPOUSE | NAME OF CHILD(REN) | |
|---|---|---|---|---|---|
| | | | | | |
| 33A. | CASH, BANK ACCOUNTS, STOCKS, BONDS, BANK DEPOSITS | $ | $ | $ | $ |
| 33B. | REAL ESTATE *(Do not include residence)* | | | | |
| 33C. | OTHER PROPERTY | | | | |
| 33D. | | | | | |
| 33E. | NET WORTH | $ | $ | $ | $ |

A-46

## INCOME RECEIVED AND EXPECTED FROM ALL SOURCES

**NOTE:** Items 34A through 39B should be completed ONLY if you are applying for non-service-connected pension.

| 34A. HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING OR ENTITLED TO RECEIVE ANY BENEFITS FROM THE SOCIAL SECURITY ADMINISTRATION (OTHER THAN SSI) OR RAILROAD RETIREMENT BOARD? | 34B. MONTHLY AMOUNT (Include Medicare Deduction) | | 34C. BEGINNING DATE | 34D. DATE YOU EXPECT BENEFITS TO BEGIN |
|---|---|---|---|---|
| | VETERAN | $ | | |
| | SPOUSE | $ | | |
| ☐ YES ☒ NO (If "Yes," complete Items 34B through 34F as applicable) | 34E. WILL YOU OR YOUR SPOUSE APPLY FOR EITHER BENEFIT DURING THE NEXT 12 MONTHS? ☒ YES ☐ NO | | 34F. DATE OF INTENTION TO APPLY — VETERAN: UNKNOWN | SPOUSE |

35A. HAVE YOU OR YOUR SPOUSE APPLIED FOR OR ARE YOU RECEIVING OR ENTITLED TO RECEIVE ANNUITY OR RETIREMENT BENEFITS OR ENDOWMENT INSURANCE FROM ANY OTHER SOURCE?

☐ YES ☒ NO (If "Yes," complete Items 35B through 35E, as applicable)

| 35B. MONTHLY AMOUNT | | 35C. BEGINNING DATE | 35D. DATE OF INTENTION TO APPLY | 35E. SOURCE OF BENEFIT |
|---|---|---|---|---|
| VETERAN | $ N/A | | | |
| SPOUSE | $ | | | |

| SOURCE OF VETERAN AND DEPENDENTS INCOME (Specify source for Items 36F, 37F and 38F "ALL OTHER INCOME" in Item 40, "REMARKS") | | AMOUNT OF INCOME — VETERAN | SPOUSE | NAME OF CHILD/REN | | |
|---|---|---|---|---|---|---|
| 36. AMOUNT RECEIVED FROM JAN 1 TO THE DATE YOU SIGN THIS STATEMENT | A. EARNINGS | $ | $ | $ | $ | $ |
| | B. SOCIAL SECURITY (GREEN CHECK) | | | | | |
| | C. OTHER ANNUITIES AND RETIREMENTS | | | | | |
| | D. DIVIDENDS AND INTEREST, ETC. | | | | | |
| | E. SUPPLEMENTAL SECURITY INCOME (GOLD CHECK) | | | | | |
| | F. ALL OTHER INCOME | | | | | |
| 37. AMOUNT EXPECTED FROM DATE YOU SIGN THIS STATEMENT TO END OF THIS CALENDAR YEAR | A. EARNINGS | | | | | |
| | B. SOCIAL SECURITY (GREEN CHECK) | | | | | |
| | C. OTHER ANNUITIES AND RETIREMENTS | | | | | |
| | D. DIVIDENDS AND INTEREST, ETC. | | | | | |
| | E. SUPPLEMENTAL SECURITY INCOME (GOLD CHECK) | | | | | |
| | F. ALL OTHER INCOME | | | | | |
| 38. AMOUNT EXPECTED FOR THE NEXT CALENDAR YEAR | A. EARNINGS | | | | | |
| | B. SOCIAL SECURITY (GREEN CHECK) | | | | | |
| | C. OTHER ANNUITIES AND RETIREMENTS | | | | | |
| | D. DIVIDENDS AND INTEREST, ETC. | | | | | |
| | E. SUPPLEMENTAL SECURITY INCOME (GOLD CHECK) | | | | | |
| | F. ALL OTHER INCOME | | | | | |

| 39A. GROSS AMOUNT OF FINAL PAY RECEIVED | 39B. DATE FINAL PAY WAS RECEIVED |
|---|---|
| $ 225.00 | July 1, 1982 |

40. REMARKS (Identify your statements by their applicable item number. If additional space is required attach separate sheet and identify your statements by their item numbers)

Do Not fully under-stand Items 36F, 37F, 38F

**NOTE:** Filing of this application constitutes a waiver of military retired pay in the amount of any VA compensation to which you may be entitled. See instructions for items 14A and 14 D inclusive, Retired Pay.

CERTIFICATION AND AUTHORIZATION FOR RELEASE OF INFORMATION - I certify that the foregoing statements are true and complete to the best of my knowledge and belief. I CONSENT that any physician, surgeon, dentist or hospital that has treated or examined me for any purpose, or that I have consulted professionally, may furnish to the VETERANS ADMINISTRATION any information about myself, and I waive any privilege which renders such information confidential.

| 41. DATE SIGNED | 42. SIGNATURE OF CLAIMANT |
|---|---|
| OCT. 04, 1982 | SIGN HERE: Roland S. Rolle Sr. |

WITNESSES TO SIGNATURE OF CLAIMANT IF MADE BY MARK

*NOTE: Signature made by mark must be witnessed by two persons to whom the person making the statement is personally known, and the signatures and addresses of such witnesses must be shown.*

| 43A. SIGNATURE OF WITNESS | 44A. SIGNATURE OF WITNESS |
|---|---|
| | |
| 43B. ADDRESS OF WITNESS | 44B. ADDRESS OF WITNESS |
| | |

A-47

PENALTY - The law provides severe penalties which include fine or imprisonment, or both, for the willful submission of any statement or evidence of a material fact, knowing it to be false, or for the fraudulent acceptance of any payment to which you are not entitled.

Office Center Wilmington, DE 19805

Veterans Administration

VETERANS ADMINISTRATION
MEDICAL AND REGIONAL OFFICE CENTER
1601 Kirkwood Highway
Wilmington, Delaware 19805

October 15, 1982

Mr. Roland S. Rollins
105 N. Rodney Street
Wilmington, DE 19805

Dear Mr. Rollins:

Your disability compensation claim has been carefully considered. To establish entitlement to this benefit, the evidence must show:

(a) That you have a disability incurred or aggravated in service, in line of duty; and

(b) It must be 10% or more disabling.

The evidence, including your service records, does not meet these requirements. Accordingly, you are not entitled to compensation for the reason(s) checked:

[x] 1. Your disabilities listed below are service-connected, but they are less than 10% disabling and compensation is not payable.

ACNE VULGARIS
CHRONIC RIGHT SHOULDER DISLOCATION

You are entitled to necessary treatment by the VA for any service-connected disability. Application for necessary treatment can be made at the nearest VA Office. If you apply in person, please present this letter. If you apply by letter, please include your VA file number shown below.

[x] 2. The disabilities listed below were not incurred in or aggravated by service.

PERSONALITY DISORDER
REFRACTIVE ERROR
VIRAL SYNDROME

[x] 3. We have received your latest application with other disabilities. As soon as we make our determination on these, you will be notified.

If you believe our decision is incorrect, please see the Notice of Procedural and Appellate Rights printed on the back of this letter. You should also keep this letter for future reference.

Sincerely yours,

D. G. SPIVEY
Adjudication Officer

AJL/se

In Reply Refer To: 460/21



FL 21-81
Dec 1979 (RS)

*NOTE - SHADED AREA TO BE COMPLETED BY INPUT ACTIVITY*

**Veterans Administration**

# RATING DECISION

1. COPY TO: [X] INS [ ] MED [ ] DEA FOLDER [ ] R & E FOLDER [X] OTHER (Specify) Clinic

2. FILE NUMBER: CSS [redacted]

| 4. DATE OF CLAIM | 5. DATE OF LAST EXAMINATION | 6. DATE OF DEATH | 7. INITIALS AND SURNAME OF VETERAN |
|---|---|---|---|
| 7-14-82 | 9-2-82 | | R. S. ROLLINS |

| 8. SEX | 9. BRANCH | 10. ACTIVE DUTY (Mo., day, yr.) EOD | RAD | 11. ADDTL. SVC | 12. DATE OF BIRTH | 13. COMBAT |
|---|---|---|---|---|---|---|
| [X] MALE [ ] FEMALE | A. ARMY B. NAVY C. USMC D. USCG E. USPHS F. USAF H. WAC J. AIR CORPS (For others See M21-1, App. C): A | 2-28-79 | 7-1-82 | 1. WT. 2. PFE 3. SCD | -60 | 1. NONE 2. COMP 3. NON COMP 4. BOTH: 1 |

| 14. EMPLOYABILITY (For compensation only) | 15. COMPETENCY | 16. NO. OF S/C DISAB. | 17. FUTURE DATE CONTROLS — PHYSICAL EXAM. (MO. YR. REASON) | OTHER CONTROL (ACT. MO. YR. REA.) | 18. DATE OF THIS RATING |
|---|---|---|---|---|---|
| 1. EMPLOYABLE OR NOT AN ISSUE 2. UNEMPLOYABLE: 1 | 1. COMPETENT OR NOT AN ISSUE 2. INCOMPETENT: 1 | (0 through 9) (9 to show 9 or more): 2 | NO EXAM 01 | 1. ESTAB. 2. CANCEL | 9-28-82 |

**19. NARRATIVE**

Roland S. Rollins
105 N. Rodney St.
Wilmington, DE 19805

J: Original claim

I: SC for personality disorder, right shoulder dislocation, skin condition, viral syndrome and eye glasses.

F: Service medical records are silent regarding treatment in service for a personality disorder. The veteran was given prescription lenses, in June, 1982, to correct a refractive error. The veteran was treated on several occasions, between May, 1979 and February, 1981, for a viral syndrome. There was residual weakness, nausea, vomiting and diarrhea. Conservative treatment was always prescribed, and there was no recurrence after February, 1981. The veteran injured his shoulder in August, 1979, while playing football. It was diagnosed as a right shoulder sprain. Thereafter, the right shoulder dislocated itself at various times during the veteran's remainder of service. There was always minimal edema, tenderness to palpation. Range of motion and x-rays in service were always normal, but the condition became chronic and would recur periodically. In February of 1982, the veteran complained of a 2 year history of an itchy rash on the shoulders, back and chest. Dermatology consultation diagnosed the condition as acne vulgaris, and conservative measures were prescribed. Current examination indicates no residuals of the viral syndrome. NP consultation indicates no psychiatric diagnosis at this time. Corrected visual acuity is within normal limits; the right shoulder has full painless range of motion and function, with no local tenderness, swelling or discomfort. X-rays of the shoulder show

A-49

Veterans Administration

**RATING DECISION CONTINUATION SHEET**

NAME OF VETERAN: R. S. ROLLINS

FILE NUMBER: C-

PAGE 2 OF RATING DATED: 9-28-82

tissue structures appear normal. There is a pustular inflammation of the skin, due to acne plaques. This is of a mild nature.

D: The veteran's claimed personality disorder and refractive error are congenital in nature and are not disabilities under the law. Viral syndrome is an acute and transitory condition leaving no residuals.

1. SC (INC, PT)

7806 ACNE VULGARIS
0% from 7-2-82

5299-5203 CHRONIC RIGHT SHOULDER DISLOCATION
0% from 7-2-82

8. NSC, PT

9400 PERSONALITY DISORDER
6079 REFRACTIVE ERROR
6599-6501 VIRAL SYNDROME

COMB: SC 0%

20. SPECIAL PROVISION CODE
1 - PAR. 29 3 - VAR 1321 5 - ANAL. RATING 7 - PAR. 28
2 - PAR. 30 4 - VAR 1322 6 - OTHER OR COMB.

21. SPECIAL MONTHLY COMPENSATION
A. SMC PAR CODE: A-50 | B. LOSS OF USE | C. ANAT. LOSS | D. OTHER LOSS | E. HOSP. SMC

22. NO. OVER SIX ☐
23. CLAIMANT REPRESENTED BY: ☐ AL ☐ VFW ☐ DAV ☐ ARC ☐ AMVETS ☐ OTHER (Specify)
24. RATING BOARD NO. 1
25. R.O. NO. 460

26. RATING SPECIALIST (Medical): G. S. SERINO, M.D. CHM. ☐
27. RATING SPECIALIST (Legal Occupational): C. T. WITMER CHM. ☒
28. RATING SPECIALIST (Legal Occupational): A. E. SMITH CHM. ☐

VA FORM OCT 1980 21-6796b SUPERSEDES VA FORM 21-6796b, AUG 1977, WHICH WILL NOT BE USED.

U.S. Government Printing Office: 1981—341-488/4594

**DEPARTMENT OF VETERANS AFFAIRS**
Medical and Regional Office Center
1601 Kirkwood Hwy
Wilmington DE 19805-4917

MAR 28 2001

In Reply Refer To: 460/21/SG/083

ROLLINS, R S

ROLAND S ROLLINS
1321 B LANCASTER AVE
WILMINGTON DE 19805

Dear Mr. Rollins:

We have reviewed your claim for increased disability evaluation.

**What We Decided**

No change is warranted in the evaluation for your service connected residuals, right shoulder dislocation with painful motion, major. This condition remains evaluated at 20%. Your failed to report for a VA examination scheduled at the Coatesville VA Medical Center on 02-26-2001. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

**How We Made Our Decision**

We carefully considered all the evidence we received. We have attached a copy of the Rating Decision. It shows the evidence we used and the reasons for our decision.

**Did The Rating Decision Consider All Evidence?**

On November 9, 2000, The Veterans Claims Assistance Act of 2000 (VCAA) was signed into law. This law establishes new duties for the Department of Veterans Affairs (VA) when you file an application for disability benefits.

Under this new law, when you file an application for VA benefits, we will tell you what information or evidence is required to establish entitlement to that benefit. We will tell you which information and/or evidence we will try to get and which information or evidence you need to give us. We must make reasonable efforts to help you get medical and/or other evidence necessary to support your claim.

0217

C 29 650 878
Rollins, R S

There may be other evidence you would like us to consider. In that case, please tell us about it and we will make reasonable efforts to try to get it. Other evidence can include records held by any Federal agency including VA, or by private doctors, hospitals or clinics. To help us get the evidence we will need the following information:

- The name of the person, agency, or company who has the relevant records
- The address of this person, agency, or company
- The approximate time frame covered by the records
- The condition for which you were treated

In addition, we will need you to complete, sign and return the enclosed VA Form 21-4142, "Authorization for Release of Information." Use a separate form for each doctor or hospital where you received treatment. You can help with your claim by getting the evidence and sending it to us.

Send the information describing additional evidence or the evidence itself to the address at the top of this letter within March 24, 2002. . Please put your full name and VA file number on the evidence.

**If You Think We're Wrong**

If you think our decision is wrong, you should write and tell us why. The enclosed VA Form 4107 explains your right to appeal.

**If You Have Questions**

If you have any questions, call us toll-free by dialing 1-800-827-1000. Our TDD number for the hearing impaired is 1-800-829-4833. *If you call, please have this letter with you.*

Sincerely yours,

C. T. KEENAN
Service Center Manager

Enclosure(s): Rating Decision
VA Form 4107
VA Form 21-4142

| **Rating Decision** | *Department of Veterans Affairs*<br>*Wilmington Medical and Regional Office Center* | | Page 1<br>03/16/2001 |
|---|---|---|---|
| NAME OF VETERAN<br>ROLAND S. ROLLINS | VA FILE NUMBER | SOCIAL SECURITY NR | POA |

**ISSUE:**

Evaluation of residuals, right shoulder dislocation with painful motion, major currently evaluated as 20 percent disabling.

**EVIDENCE:**

The claimant failed to report for a VA examination scheduled at Coatesville VAMC on 2-26-01. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

**DECISION:**

Evaluation of residuals, right shoulder dislocation with painful motion, major, which is currently 20 percent disabling, is continued.

**REASONS AND BASES:**

The evaluation of residuals, right shoulder dislocation with painful motion, major is continued as 20 percent disabling. An evaluation of 20 percent is assigned whenever arm motion is limited at shoulder level. A higher evaluation of 30 percent is not warranted unless limitation of arm motion is midway between side and shoulder level.

The claimant failed to report for a VA examination scheduled at Coatesville VAMC on 2-26-01. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Wilmington Medical and Regional Office Center* | Page 2<br>03/16/2001 |
|---|---|---|

| NAME OF VETERAN | VA FILE NUMBER | SOCIAL SECURITY NR | POA |
|---|---|---|---|
| ROLAND S. ROLLINS | | | |

| ACTIVE DUTY *(Month/Day/Year)* | | | | ADDITIONAL SERVICE CODE | COMBAT STATUS | SPECIAL PROVISION CODE | FUTURE EXAM *(Month/Year)* |
|---|---|---|---|---|---|---|---|
| EOD | RAD | EOD | RAD | | | | |
| | | | | | | | None |

| COPY TO: | | EFFECTIVE DATE | BASIC | HOSPITAL | LOSS OF USE | ANAT. LOSS | OTHER LOSS |
|---|---|---|---|---|---|---|---|
| | S | | | | | | |
| | M | | | | | | |
| | C | | | | | | |

**JURISDICTION:** 021;1 Claim for increase received 7-13-00

1. SC (PTE INC)

5299-5201 RESIDUALS, RIGHT SHOULDER DISLOCATION WITH PAINFUL MOTION, MAJOR
20% from 03-16-01

7806 ACNE VULGARIS
10% from 1/18/89

7804 TENDER & PAINFUL SCAR, RIGHT SHOULDER
10% from 1/18/89

8. NSC (PTE)
9400 PERSONALITY DISORDER
6079 REFRACTIVE ERROR
6599-6501 VIRAL SYNDROME
6100 HEARING LOSS
5293 ANY BACK CONDITION
7806 RESIDUALS, STY
5284 ANY FOOT CONDITION
5290 CERVICAL/DORSAL STRAIN WITH SPASMS, MYOSITIS, PARESIS/PARESTHESIA OF UPPER GREATER THAN LOWER EXTREMITIES
9499 JOB STRESS
7099 BORDERLINE CARDIOMEGALY

COMB SC: 40% from 1/18/89

18B. IU not found.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Wilmington Medical and Regional Office Center* | | Page 3<br>03/16/2001 |
|---|---|---|---|
| NAME OF VETERAN<br>ROLAND S. ROLLINS | VA FILE NUMBER | SOCIAL SECURITY NR | POA |

42. Entitlement to special housing assistance is not established, based on a determination that qualifying disability as set forth in 38 CFR 3.809(b) is not found. 38 U.S.C. 2101(a)

42A. Entitlement to special home adaptation grant is not established. (38 U.S.C. 2101(b))

A E SMITH, Chairman, RATING SPECIALIST-460

K D Davis, Rating Specialist

029650878-010316.RTG

| **Rating Decision** | *Department of Veterans Affairs* *Wilmington Medical and Regional Office Center* | | Page 1 03/16/2001 |
|---|---|---|---|
| NAME OF VETERAN ROLAND S. ROLLINS | VA FILE NUMBER | SOCIAL SECURITY NR | POA |

**ISSUE:**

Evaluation of residuals, right shoulder dislocation with painful motion, major currently evaluated as 20 percent disabling.

**EVIDENCE:**

The claimant failed to report for a VA examination scheduled at Coatesville VAMC on 2-26-01. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

**DECISION:**

Evaluation of residuals, right shoulder dislocation with painful motion, major, which is currently 20 percent disabling, is continued.

**REASONS AND BASES:**

The evaluation of residuals, right shoulder dislocation with painful motion, major is continued as 20 percent disabling. An evaluation of 20 percent is assigned whenever arm motion is limited at shoulder level. A higher evaluation of 30 percent is not warranted unless limitation of arm motion is midway between side and shoulder level.

The claimant failed to report for a VA examination scheduled at Coatesville VAMC on 2-26-01. Evidence expected from this examination which might have been material to the outcome of this claim could not be considered.

| **Rating Decision** | *Department of Veterans Affairs* *Wilmington Medical and Regional Office Center* | Page 2 03/16/2001 |
|---|---|---|

| NAME OF VETERAN | VA FILE NUMBER | SOCIAL SECURITY NR | POA |
|---|---|---|---|
| ROLAND S. ROLLINS | | | |

| ACTIVE DUTY *(Month/Day/Year)* | | | | ADDITIONAL SERVICE CODE | COMBAT STATUS | SPECIAL PROVISION CODE | FUTURE EXAM *(Month/Year)* |
|---|---|---|---|---|---|---|---|
| EOD | RAD | EOD | RAD | | | | None |

| COPY TO: | | EFFECTIVE DATE | BASIC | HOSPITAL | LOSS OF USE | ANAT. LOSS | OTHER LOSS |
|---|---|---|---|---|---|---|---|
| | S | | | | | | |
| | M | | | | | | |
| | C | | | | | | |

**JURISDICTION:** 021;1 Claim for increase received 7-13-00

1. SC (PTE INC)

5299-5201 RESIDUALS, RIGHT SHOULDER DISLOCATION WITH PAINFUL MOTION, MAJOR
20% from 03-16-01

7806 ACNE VULGARIS
10% from 1/18/89

7804 TENDER & PAINFUL SCAR, RIGHT SHOULDER
10% from 1/18/89

8. NSC (PTE)

9400 PERSONALITY DISORDER
6079 REFRACTIVE ERROR
6599-6501 VIRAL SYNDROME
6100 HEARING LOSS
5293 ANY BACK CONDITION
7806 RESIDUALS, STY
5284 ANY FOOT CONDITION
5290 CERVICAL/DORSAL STRAIN WITH SPASMS, MYOSITIS, PARESIS/PARESTHESIA OF UPPER GREATER THAN LOWER EXTREMITIES
9499 JOB STRESS
7099 BORDERLINE CARDIOMEGALY

COMB SC: 40% from 1/18/89

18B. IU not found.

| **Rating Decision** | *Department of Veterans Affairs*<br>*Wilmington Medical and Regional Office Center* | | | Page 3<br>03/16/2001 |
|---|---|---|---|---|
| NAME OF VETERAN<br>ROLAND S. ROLLINS | VA FILE NUMBER | SOCIAL SECURITY NR | | POA |

42. Entitlement to special housing assistance is not established, based on a determination that qualifying disability as set forth in 38 CFR 3.809(b) is not found. 38 U.S.C. 2101(a)

42A. Entitlement to special home adaptation grant is not established. (38 U.S.C. 2101(b))

A.E SMITH, Chairman, RATING SPECIALIST-460

K D Davis, Rating Specialist

029650878-010316.RTG

DEPARTMENT OF VETERANS AFFAIRS
Regional Office
1601 Kirkwood Hwy
Wilmington DE 19805-4917

SEP 15 2003

ROLAND S ROLLINS
1321 B LANCASTER AVE
WILMINGTON DE 19805

In Reply Refer To: 460/21/kml/249
ROLLI, R S

Dear Mr. Rollins:

We made a decision on your claim for an increase in your service connected compensation received on August 30, 2001.

This letter tells you about your increased entitlement amount and payment start date and what we decided. It includes a copy of our rating decision that gives the evidence used and reasons for our decision. We have also included information about additional benefits, what to do if you disagree with our decision, and who to contact if you have questions or need assistance.

## What Is Your Entitlement Amount And Payment Start Date?

Your increased monthly entitlement amount is shown below:

| Monthly Entitlement Amount | Payment Start Date | Reason For Change |
|---|---|---|
| $966.00 | Sep 1, 2001 | Increased benefits payable. |
| 992.00 | Dec 1, 2001 | Cost of living adjustment (COLA) |
| 954.00 | Jul 1, 2002 | Kamarr is removed as a dependent child from your award. |
| 966.00 | Dec 1, 2002 | COLA |
| 928.00 | Oct 1, 2003 | Theo turns 18 and is removed as a dependent child from your award. |
| 890.00 | Oct 15, 2004 | Avon turns 18 and is removed as a dependent child from your award. |
| 852.00 | Jan 26, 2007 | Vincent turns 18 and is removed as a dependent child from your award. |
| 801.00 | Jun 6, 2008 | Peije turns 18 and is removed as a dependent child from your award. |

Rolli, R S

We are paying you as a veteran with 5 dependents. Your payment includes an additional amount for your children. *Let us know right away if there is any change in the status of your dependents.*

## When Can You Expect Payment?

Your increased payment begins the first day of the month following your effective date. You will receive a payment covering the initial amount due under this award, minus any withholdings, in approximately 15 days. Payment will then be made at the beginning of each month for the prior month. For example, benefits due for May are paid on or about June 1.

## What Did We Decide?

We determined that the following service connected conditions have worsened, so we granted an increase in your assigned percentage:

| Description | Old Percent (%) Assigned | New Percent (%) Assigned | Effective Date |
|---|---|---|---|
| Acne vulgaris (separate evaluation for facial scarring is not warranted) | 10% | 30% | Aug 30, 2001 |
| Residuals, right shoulder (major) dislocation with painful motion | 20% | 30% | Aug 30, 2001 |

We determined that the following service connected condition hasn't changed:

| Description | Percent (%) Assigned |
|---|---|
| Painful and tender scar, right shoulder | 10% |

We determined that the following conditions were not related to your military service, so service connection couldn't be granted:

| Description |
|---|
| **Diabetes mellitus** |
| **Chronic pain, muscle spasms and chest contusion** |

We are continuing to deny your claim for service-connection for the following conditions because you did not submit new and material evidence adequate to reopen your claim:

| Description |
|---|
| **Removal of stye, right eyelid** |
| **Viral syndrome** |
| **An acquired psychiatric disability both on a direct basis and as secondary to your service-connected conditions** |
| **Any back condition** |

*Evidence, including written or oral statements, we have not considered before is new. Information that supports the same point as earlier evidence is not considered new.*

*Material means it applies to the specific issue you are claiming.*

We denied entitlement to the 100% rate because it wasn't shown that you are unable to work as a result of your service connected disability/disabilities.

A decision on the issue of service-connection for your **foot condition** is deferred at this time pending the completion of a VA examination.

Your overall or combined rating is increased to 60%. We do not add the individual percentages of each condition to determine your combined rating. We use a combined rating table that considers the effect from the most serious to the least serious conditions.

We have enclosed a copy of your Rating Decision for your review. It provides a detailed explanation of our decision, the evidence considered and the reasons for our decision. You

can find the decision discussed in the section titled *"Decision."* The evidence we considered is discussed in the section titled *"Evidence."* The reasons for our decision can be found in the portion of the rating titled *"Reasons for Decision"* or *"Reasons and Bases."*

We enclosed a VA Form 21-8764, "Disability Compensation Award Attachment-Important Information," which explains certain factors concerning your benefits.

## Permanent Incapacity For Self-Support

Permanent incapacity for self-support is not established for your child Kamarr D. Rollins. We cannot establish him as a helpless child on your benefit award.

We are paying you for Kamarr as a dependent child until July 1, 2002. On the VA Form 21-674C "Request for Approval of School Attendance" you submitted you indicate that Kamarr completed his GED on June 15, 2002.

You also indicated that Kamarr was completing a three year apprenticeship in beauty culture at your barber shop beginning June 15, 2002. On a statement you submitted on September 24, 2001 you stated "I haven't worked, or been able to, since the summer of 2000". On a VA Form 4138 "Statement in Support of Claim signed September 7, 2001 you state "Shop is closed." In our letter to you of October 15, 2002 we asked you to verify that Kamar was in training. We asked you to submit a copy of a Student Permit Certificate from the State Board of Cosmetology confirming that date he began training. You did not provide this evidence. In a letter we received from your on November 7, 2002 you stated that your shop closed on May 13, 2002 and that Kamarr was on an apprentice waiting list. In your letter to us dated December 30, 2002 you stated that Kamarr's training was interupted on May 17, 2002 but that he was working on his GED.

We cannot add Kamarr as a schoolchild to your benefit award because there is no indication that he was in school after June 25, 2002. We have removed him as a dependent child the first of the following month.

## Are You Entitled To Additional Benefits?

You may be able to receive vocational rehabilitation employment services. The enclosed VA Form 28-8890, "Important Information About Vocational Rehabilitation Benefits," explains this benefit completely. To apply for this benefit, complete and return the enclosed VA Form 28-1900, "Disabled Veterans Application for Vocational Rehabilitation."

You are entitled to medical care by the VA health care system for any service connected disability. You may apply for medical care or treatment at the nearest medical facility. If you

apply in person, present a copy of this letter. If you apply by writing a letter, include your VA file number and a copy of this letter.

## What You Should Do If You Disagree With Our Decision.

If you do not agree with our decision, you should write and tell us why. You have *one year from the date of this letter to appeal the decision.* The enclosed *VA Form 4107, "Your Rights to Appeal Our Decision,"* explains your right to appeal.

## Do You Have Questions Or Need Assistance?

If you have any questions or need assistance with this claim, please call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.

If you call, please refer to your VA file number 29 650 878. If you write to us, put your full name and VA file number on the letter. Please send all correspondence to the address at the top of this letter. You can visit our web site at www.va.gov for more information about veterans' benefits.

We sent a copy of this letter to Professor Thomas J. Reed, Supervising Attorney, DVLS because you appointed them as your representative. If you have questions or need assistance, you can also contact them.

Sincerely yours,

C. T. KEENAN
Service Center Manager

Email us at wilmington.query@vba.va.gov
***"Making a Difference in VBA"***

Enclosure(s): Rating Decision
VA Form 21-8764
VA Form 28-1900
VA Form 28-8890
VA Form 4107

cc: Prof. Thomas J. Reed
DVLS

**DEPARTMENT OF VETERANS AFFAIRS**
**Dept. of Veterans Affairs, Regional Office**
**1601 Kirkwood Highway**
**Wilmington DE 19805**

**Roland S. Rollins**

**VA File Number**

**Represented by:**
**Professor Thomas J. Reed, Supervising Attorney, DVLS**

**Rating Decision**
**September 8, 2003**

## INTRODUCTION

The records reflect that you are a veteran of the Peacetime. You served in the Army from February 28, 1979 to July 1, 1982. You filed a claim for increased evaluation that was received on August 30, 2001. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

## DECISION

1 . Evaluation of Acne Vulgaris, which is currently 10 percent disabling, is increased to 30 percent effective August 30, 2001. A separate evaluation for facial scarring is not warranted.

2 . Evaluation of Residuals, Right Shoulder (Major) Dislocation with Painful Motion, which is currently 20 percent disabling, is increased to 30 percent effective August 30, 2001.

3 . Evaluation of Painful and Tender Scar, Right Shoulder, which is currently 10 percent disabling, is continued.

4 . Service connection for Diabetes Mellitus is denied.

5 . Service connection for Chronic Pain, Muscle Spasms and Chest Contusion is denied.

6 . Permanent incapacity for self-support is not established for KAMARR D ROLLINS.

7 . A decision on the issue of service connection for a foot condition is deferred pending the completion of a VA examination.

8 . The claim for service connection for Removal of Stye, Right Eyelid remains denied because the evidence submitted is not new and material.

9 . The claim for service connection for Viral Syndrome remains denied because the evidence submitted is not new and material.

10 . The claim for service connection for Psychiatric Disability on a direct and secondary basis remains denied because the evidence submitted is not new and material.

11 . The claim for service connection for Any Back Condition remains denied because the evidence submitted is not new and material.

12 . Entitlement to individual unemployability remains denied.

## EVIDENCE

- Exams, VAMC Wilmington, DE 11/4/02, 11/5/02, 11/6/02, and 8/27/03
- Service Medical Records, 2/28/79 to 7/1/82
- VAMC Wilmington, DE. OPT Records 1/8/01 to 9/4/03
- Treatment Report 11/12/01, Panzer Dermatology Associates
- Concentra Medical Center Treatment Report 7/12/00
- Emergency Room Report 2/27/00, Crozier-Chester Medical Center
- Rating Decision 9/28/82
- VA Forms 21-4138 and Statements Submitted 8/30/01, 9/12/01, 9/24/01, 4/9/02, 6/4/02, 8/16/02, 8/27/02, 4/28/03
- Social Security Records on Kammar Rollins

## REASONS FOR DECISION

**1. Evaluation of Acne Vulgaris currently evaluated as 10 percent disabling.**

Acne is currently evaluated at 10% disabling. There is a separate 10% evaluation for tender and painful scar on the right shoulder. A claim for an increased evaluation was filed 8/30/01 on VA Form 21-4138. VA Form 21-4138 filed 9/24/01 raised the issue of a separate evaluation for scarring on the face.

VA General Medical Exam 11/6/02 noted the presence of a large scar over the right orbital temporal area. (Service medical record from 12/11/79 shows that you requested consideration of surgical revision of scars on your face that were the result of an acid burn that occurred 6 years prior to your entry onto active duty.) The scar is well healed. There is minimal subcutaneous tissue loss. There are small depressed hypo-pigmented areas all over the body. Some are red and inflamed. No pustules are noted. Diagnosis is Status Post Multiple Scars, Skin, Secondary to Scratching and Neurodermatitis.

Dermatology exam 11/4/02 found post inflammatory hyperpigmented macules on trunk and extremities. Excoriations on trunk. Diagnosis: Pruritis. There is no mention of any disfiguring facial scarring from acne.

VAMROC Treatment Notes 1/11/01 to 8/27/03: Note from 1/11/01 that shows an assessment of Dermatitis. "Claimant has history of eczema, but skin condition today does not look like eczema; rather it appears to be discreet round lesions, that are perhaps from patient scratching himself secondary to anxiety."

Notes from 2/24/03 and 4/28/03, and 9/4/03 show treatment for neuro-dermatitis, with multiple excoriation about the chest, back, and upper extremities.

Also of record is a treatment report from Panzer Dermatology Associates dated 11/12/01.

You were seen for skin condition, severe itching. Lesions were noted on face, back, buttocks arms and legs. Assessment is generalized pruritis with post-inflammatory hyper-pigmentation from prior lesions. "On the face there was mostly discrete areas of post inflammatory hyper-pigmentation that are roughly round with some pitted scarring. Varying size areas of hyper-pigmentation, mostly oval, on the upper extremities and upper back are also noted, with no active pustules or significant inflammatory papular nodules seen today. His legs from the thighs down to the feet show diffuse scaling and ichthysosis like change on the shins."

VA Exam 8/27/03: Skin exam shows multiple excoriated papules on the back, legs, and the arms. There are several areas of significant hypo-pigmentation. These areas are scattered diffusely over the entire body. Examination of the face showed several hyper-pigmented scars located all over the face. The scarred areas are a quarter of an inch to half an inch in diameter. No pustules are noted. The scarred areas are superficial. The texture of the scarred skin is slightly coarse as compared to the surrounding skin. There is no gross distortion or asymmetry of the face from scarring. There is no evidence of comedomes, papules, pustules or superficial cysts. The scars on the face are the result of acne. However, it is inactive acne at the present time.

It is not possible to separate the current diagnoses of pruritis and neurodermatitis from the condition treated in service. The symptoms are the same, extensive itching, hypo-pigmented patches, scarring. Under the rating criteria in effect prior to 8/30/02 a 30% evaluation is warranted for the constant itching and exudation An evaluation of 50% under the old criteria requires extensive ulceration or extensive exfoliation or crusting together with systemic or nervous manifestations; or the eruptions must be exceptionally repugnant. These criteria are not met. No treatment provider has indicated that the skin condition is repugnant. A separate evaluation for facial scarring is not warranted. The treatment reports and VA examinations do not indicate that the facial scarring is productive of marked or unsightly deformity.

The rating schedule was changed 8/30/02. The new criteria warrant no more than the same 30% evaluation.

The evaluation of Acne Vulgaris is increased to 30 percent disabling effective August 30, 2001.

An evaluation of 30 percent is assigned from August 30, 2001. An evaluation of 30 percent is assigned for evidence of dermatitis or eczema involving 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas affected, or; systemic therapy such as corticosteroids or other immunosuppressive drugs required for a total duration of six weeks or more, but not constantly, during the past 12-month period. A higher evaluation of 60 percent is not warranted unless the record shows dermatitis or eczema involving more than 40 percent of the entire body or more than 40 percent of exposed areas affected, or; constant or near-constant systemic therapy such as corticosteroids or other immunosuppressive drugs required during the past 12-month period.

Since the condition is not static, the assigned evaluation is not considered permanent and is subject to a future review examination.

**2. Evaluation of Residuals, Right Shoulder (Major) Dislocation with Painful Motion currently evaluated as 20 percent disabling.**

This condition has been evaluated at 20% disabling since 1/18/89. A claim for an increased evaluation was filed 8/30/01.

Examination VAMROC Wilmington DE. 11/5/02: On exam, the right shoulder had forward flexion to 100 degrees (normal is 180), abduction 95 degrees (normal is 180), adduction 30 degrees, extension 40 degrees, external rotation 0 degrees, and internal rotation brought the right hand to the low lumbar level. All motions were painful. There is a 6 1/2-inch scar in the area of the delto-pectoral groove at the anterior aspect of the right shoulder extending down into the axilla. There was diffuse tenderness about the anterior right upper chest, and all about the right upper trapezius and right scapular area. The neck itself was nontender.

Cervical spine motion was 45 degrees of forward flexion, 50 degrees of extension, 20 degrees of bending to the left, 25 degrees of bending to the right, 70 degrees of rotation to the right and 70 degrees of rotation to the left. You reported pain at end range of left lateral bending, right rotation and forward flexion.

Muscle strength about the right shoulder was normal with the exception of forward flexion, which was weak at 4/5, but this appeared to be pain related. Muscle strength was intact throughout the right upper extremity, otherwise. There was decreased sensation in the ulnar nerve distribution (from an old ulnar nerve injury).

New x-rays of the right shoulder were taken. They show a mild degree of spurring of the humeral head and glenoid rim articular margins. There is a small bony ossicle located at the superior aspect of the shoulder in the area of the glenoid rim.

X-rays of the cervical spine were taken for the exam, including lateral views in flexion and extension. The cervical spine appeared normal.

The examiner reviewed the C-file including his earlier Compensation and Pension exam report from June 14, 1999.

IMPRESSIONS:

1. Post-traumatic arthritis, right shoulder.

2. Status post surgical repair of recurrent dislocations of right shoulder with continuing pain and restricted motion.

3. Chronic cervical strain and trapezius myalgia.

4. Chronic contusion, right anterior chest.

It is the examiner's opinion that the cervical spine condition, trapezius myalgia, and chest contusion are unrelated to the shoulder condition.

The examiner stated "Taking the shoulder condition by itself, that would prevent activity and employment which involved stressful use of the right shoulder, especially lifting the arm above shoulder level. This would affect his ability to carry on barbering work. However, it would not affect his ability to do light activities with his right upper extremity, especially if he did not have to lift his arm up. His overall ability to work is affected by a combination of multiple musculoskeletal and medical problems more than the right shoulder."

The increased loss of range of motion in the shoulder together with the diagnosis of traumatic arthritis warrants and increase to 30% for the right shoulder condition. A 40% evaluation requires that range of motion be so restricted that the arm can be raised only 25 degrees from the side. This requirement is not met as the exam shows the shoulder can be brought to slightly above shoulder level (90 degrees).

The evaluation of Residuals, Right Shoulder (Major) Dislocation with Painful Motion is increased to 30 percent disabling effective August 30, 2001.

An evaluation of 30 percent is assigned from August 30, 2001. An evaluation of 30 percent is granted for limitation of arm motion midway between side and shoulder level. A higher evaluation of 40 percent is not warranted unless arm motion is limited to 25 degrees from the side.

This disability is not specifically listed in the rating schedule; therefore, it is rated analogous to a disability in which not only the functions affected, but anatomical localization and symptoms, are closely related.

Since the condition is not static, the assigned evaluation is not considered permanent and is subject to a future review examination.

**3. Evaluation of Painful and Tender Scar, Right Shoulder currently evaluated as 10 percent disabling.**

You are right handed. VA Exam 8/27/03 shows that the right shoulder has a 13cm long scar over the anterior of the right shoulder. It is well healed without evidence of keloid formation. Minimal hyper-pigmentation is noted.

No tenderness to palpation. The scar is not adherent to the underlying tissue. Range of motion of the shoulder is not restricted by the scar.

No more than a 10% evaluation is warranted for the right shoulder under the criteria in effect both before and after 8/30/02.

The criteria in effect prior to 8/30/02 were:
7804 Scars, superficial, tender and painful on objective demonstration ....................10

The evaluation of Painful and Tender Scar, Right Shoulder is continued as 10 percent disabling. {38 CFR 3.321(a); 38 CFR 3.321(b)(1)}

After 8/30/02, an evaluation of 10 percent is granted for a superficial scar that is painful on examination.

**4. Service connection for Diabetes Mellitus.**

The claim for service connection for diabetes was filed on a VA Form 21-4138 received 9/12/01. Our Duty to Assist letter of May 17, 2002 set forth the evidence needed to grant service connection for Diabetes Mellitus (DM). It is your contention that your skin condition was basically an early sign of diabetes. You also claim that all your other current illnesses (viral syndrome, impotence, severe itching, joint pain, and eye problems) are all manifestations of Diabetes.

Your period of active duty was from 2/28/79 to 7/1/82. Your service medical records are silent regarding treatment for or a diagnosis of Diabetes Mellitus. Evidence in the claims folder places the diagnosis of Diabetes Mellitus no earlier than sometime during 1985:

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service. Service connection for Diabetes Mellitus is denied since this condition neither occurred in nor was caused by service.

Supplemental Statement of the Case from 10/28/99, on Unemployability issue, indicates that DM was initially diagnosed in 1988 per Dr. Cooper's notes. The report from Dr. Cooper is dated 7/1/94, it is in Volume 2. Also, report from Dr. Mauriello dated 8/21/89 states that Diabetes was diagnosed in October of 1988. There is also a Hospital Summary from St. Francis11/28/90 to 12/390 which indicates a past history of diet controlled diabetes mellitus since 1985.

A treatment report from Crozier Chester Medical Center dated 2/27/00 shows that you were seen in the emergency room for weakness and pain all over your body. Your glucose level was 518. No diagnosis is provided in the record. Your fever resolved and your glucose level came down with insulin treatment. You were not admitted to the hospital.

Service connection is not warranted for Diabetes Mellitus as this condition was not diagnosed in service or within one year of your release from active duty.

Whether the claimed disability (or disabilities) is/are etiologically related to your service or an existing service connected disability is most often a question requiring medical expertise. We do not doubt the sincerity of your claim, but, as you are not a trained medical professional, your statement(s) and arguments alone cannot be considered "medical evidence" establishing service connection. There is no medical evidence indicating that your acne condition was an early manifestation of diabetes mellitus.

**5. Service connection for Chronic Pain, Muscle Spasms and Chest Contusion.**

Service medical records show that in May of 1980 you suffered a chest contusion. X-rays of the ribs, thoracic and lumbar spines were negative. In August of 1980 you were seen for complaints of numerous muscle and joint aches. This occurred after you were moving some heavy equipment. You claimed that you fell and hurt your back. Symptoms were assessed as "contusions/sprains, exaggerated." In February of 1981 you were seen for complaints of chest and groin pain following physical training. This was assessed as myalgias.

Initial VA exam 9/2/82 diagnosed no chronic muscle, joint, or connective tissue problems.

Service connection may be granted for a disability which began in military service or was caused by some event or experience in service.

A disability which began in service or was caused by some event in service must be considered "chronic" before service connection can be granted. Although there is a record of treatment in service for Chronic Pain, Muscle Spasms and Chest Contusion, no permanent residual or chronic disability subject to service connection is shown by the service medical records or demonstrated by evidence following service. Therefore, service connection for Chronic Pain, Muscle Spasms and Chest Contusion is denied.

You injured your back working at the post office in January 1986. Subsequent to that incident there are numerous complaints of back pain, neck pain, weakness in both arms, numbness and burning in the right leg.

Volume 5 of claims folder contains an enormous amount of material relating to your workers compensation and disability retirement claims with the Post Office. Letters from Dr. Cooper 11/13/95, 7/1/94, 4/30/93, 3/13/90 detail numerous traumas to your spine, muscles and extremities during work and non -work incidents. For example, the letters record injuries from automobile accidents in 1989, 1990, 1991 and 1993. There were work related back injuries in 1/86 and again in 10/88.

Report from Dr. Mauriello 8/21/89 relates a past medical history that includes a fall at home resulting in broken right ankle with torn ligaments. This was also in 1988.

In a letter to the Office of Personnel Management dated 6/8/95, you refer to your feet problems as: "this wasn't just something that happened, it is a childhood disease which was complicated by pain and increased activity."

A more recent letter from Dr. Cooper(4/10/02) reports that your were struck by a car 3/15/02 resulting in injury to the back, left leg, left thigh, and left knee.

You injured your neck and thoracic spine in a work related accident 7/6/00. This is described in the treatment notes from Concentra Medical Center.

X-rays of the feet, low back, both hips, both knees, and both ankles done 6/25/03 found only minor abnormalities in the left hip and knee.

The medical evidence of record does not link your multiple muscle and joint pains to any in-service event. The number and severity of injuries you have incurred since release from active duty together with the onset of insulin dependent diabetes mellitus and accompanying neuropathies are much more likely to be the source of your muscle and joint pains then any in-service event.

**6. Permanent incapacity for self-support of KAMMAR D ROLLINS.**

This issue was raised on VA Form 21-674 received 4/19/02.

For purposes of establishing entitlement to VA benefits, a child over 18 years of age must be shown to be permanently incapable of self-support by reason of mental or physical defect by the age of 18.

Records received from Social Security Administration show that Kamarr was found eligible for disability benefits due to a Conduct Disorder (Personality Disorder) and to a Depressive Disorder. Date Disability Began was 4/1/93. Benefits were terminated 11/1/02 as the medical evidence of record was considered inadequate to justify the diagnosis. Social Security determined that there was no medical evidence to support a severe and disabling condition related to Attention Deficit/Hyperactivity Disorder (ADHD), learning or any other mental disorder. There was no evidence that his right shoulder instability was an ongoing problem. There was no evidence of severe or frequent asthma attacks.

A Childhood Disability Evaluation Form from 2/22/99 lists the following under Medical Summary: Behavior Problems, Alcohol and Cannabis Dependence, and Depressive Disorder. A Psychological Evaluation dated 2/10/99 showed that Kamarr had a long history of anti social behavior, legal problems, drug and alcohol abuse. Diagnosed was Conduct Disorder, Severe, Cannabis Dependence, Alcohol Dependence, Depressive Disorder and questionable Learning Disorder.

Report from DuPont Hospital for Children 6/1/00 shows that Kamarr was seen for frequent right shoulder dislocations. Diagnosed with Instability of the Right Shoulder.

Kamarr turned 18 on 6/20/02. The evidence regarding Kamarr's conditon as of that date does not show that Kamarr had either physical or psychiatric disability that rendered him helpless within the meaning of VA regulation. The extent and nature of the claimed disability is not sufficient to establish that KAMMAR D ROLLINS is permanently incapable of self-support.

**7. Service connection for a Foot Condition**

This issue is also under appeal and was remanded by the Court of Appeals for Veterans Claims. A Supplemental Statement of the Case released 7/22/00 continued the denial of service connection. Further action will be taken once an examination has been completed and the report received. The examination will be scheduled at our medical center in Philadelphia, PA.

**8. Service connection for Removal of Stye, Right Eyelid.**

This issue was raised on VA Form 21-4138 received 8/30/01 on which you complained of eye trouble. Our letter of 5/17/02 explained the evidence necessary to reopen your claim for service connection for an eye problem.

Service connection for refractive error was denied in the original rating of 9/28/82. SMRs showed you were given prescription lenses in service to correct a refractive error. Refractive errors are not disabilities under the law. It is a congenital disability, one that you would have regardless of serving on active duty.

SMRs also show treatment for removal of a sty from the right eyelid sty in June of 1980. Rating 3/17/83 denied service connection for removal of the sty as no residuals were shown to exist. No loss of vision associated with its removal. VA eye exam 2/15/83 found no abnormalities of the eyes.

You did not appeal either denial within the one year time period allotted for such aciton.

Once a claim has been finally denied, new and material must be submitted in order to reopen it. Evidence is "new" when it has not been previously submitted. To be "material" to the issue of service connection, the medical evidence must do more than just describe current symptoms and treatment. It must demonstrate a causal relationship between an in-service event or an existing service connected disability and the development of the claimed condition. The best evidence would be to have the treating physician make a statement that, in his or her opinion, the condition is service connected, and support the assertion with an explanation of how that conclusion was arrived at.

We have not received any new and material medical evidence on the issue of service connection for any eye disability in response to our letter of 5/17/02. VA Eye Clinic note from 7/24/03 shows that visual acuity is 20/20 bilaterally. There is mild non-proliferative diabetic retinopathy without clinically significant macular edema. None of the medical evidence of record relates any current eye disability to your period of service or to one of your service connected disabilities. The claim is not reopened.

**9. Service connection for Viral Syndrome.**

This issue was raised on VA Form 21-4138 received 8/30/01. Our letter of 5/17/02 explained the evidence necessary to reopen your claim for service connection for viral syndrome.

Service connection for Viral Syndrome was denied in the original rating of 9/28/82. SMRs note several treatments for Viral Syndrome between May of 1979 and February of 1981. Chief complaints were weakness, nausea, vomiting and diarrhea. Conservative treatment was prescribed. No further treatment shown after the 1981 incident. VA Examination 9/9/82 found no evidence of Viral Syndrome or any residuals from the condition.

You did not appeal the denial of service connection for Viral Syndrome within the one year time period allowed for such action and that denial is final. The requirement for new and material medical evidence set forth under the eye disability issue are also applicable here. No such evidence has been submitted in response to our letter of 5/17/02. Evidence of record shows frequent complaints of viral like symptoms, but the treatment reports do not link these symptoms with your period of active duty or with any of your service connected conditions. VAMC Wilmington, DE. Infectious Disease Clinic note from 6/13/03 does not diagnose viral syndrome. "He does have an allergic diathesis* with an ASA (aspirin) allergy and perennial rhinitis and most of his URIs (upper respiratory infection) are likely allergic rhinitis and post nasal drip."
{*Diathesis: a constitutional predisposition toward a particular state or condition and especially one that is abnormal or diseased.}

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

The evidence from VAMROC Wilmington, DE received in connection with the current claim does not constitute new and material evidence because it does not relate to an unestablished fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim. As no material evidence has been submitted, the claim is not reopened.

**10. Service connection for an acquired Psychiatric Disability both on a direct basis and as secondary to your service connected conditions.**

Your DD Form 214 indicates that you were discharged for "Unsuitability — Personality Disorder." Service medical records do not show treatment for or diagnosis of any psychiatric disorder.. Service connection for a personality disorder was denied on the original rating decision of 9/28/82. Service connection cannot be granted for a personality disorder. Rating Decision 1/3/00 held that new and material evidence sufficient to reopen the claim had not been filed. Rating Decision of 9/11/01 denied service connection for a psychiatric disability on a direct basis and as secondary to the service connected skin condition. Date of notification of that rating was 1/28/02.

Subsequent to 1/28/02 you have submitted numerous statements attesting to the impact of your disabilities on your mental status. We received a report from Dr. Alvin Turner, a Psychologist, who saw you on 8/29/00: "Veteran reported symptoms of anger, difficulties with sleep, low energy, problems with temper, sexual problems, problems with memory, nightmares, problems with concentration and general unhappiness. He described himself as being dependent on pain medication and he takes Vicadin for pain in his back and feet. He is an insulin dependent diabetic and takes Viagra for sexual related problems. Veteran was assessed as clearly depressed and displaying symptoms associated with a generalized anxiety disorder. Thought processes were for the most part logical and coherent, although at times he was somewhat evasive. No delusions, compulsions, disturbances in consciousness or hallucinatory experiences."

Amongst documents submitted to our Vocational Rehabilitation Division is a one page memorandum dated 2/25/86. Apparently, you were seeking disability retired pay from the Army. The memorandum references a psychiatric exam done 5/5/82 with a resulting diagnosis of mixed personality with borderline narcissistic, histrionic, and antisocial features. These are character and behavioral disorders which would be present regardless of whether or not you served on active duty. They are not recognized by VA as acquired psychiatric disabilities.

You have been seen sporadically at the Mental Health Clinic, VAMC Wilmington, DE. over the past 2 years. While Mental Health Clinic and Out-Patient Treatment Clinic notes do contain a diagnosis of depression, they do not link the condition with your period of active duty. Nor do they indicate that it is solely due to any of your service connected disabilities. You have had multiple sources of stress besides health problems, such as family, legal, and job related issues, all of which have affected your mental status.

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim.

New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

The evidence from VAMC Wilmington, DE OPT Records and Dr. Turner, received in connection with the current claim does not constitute new and material evidence because it duplicates and is cumulative to evidence previously submitted and considered in the rating decisions of 9/28/82, 1/3/00, and 9/11/01. Further, there is still no evidence that a psychiatric disability was either (1) Incurred in or caused by service; (2) Was incurred within any applicable presumptive period.; or (3) Is due to your service connected disabilities.

**<u>11. Service connection for Any Back Condition.</u>**

This issue is already under appeal and was remanded by the Court of Appeals for Veterans Claims. Your submission of 8/30/01 raises it again. SSOC 7/22/00 held that the claim was reopened but continued the denial. None of the medical evidence received since 7/22/00 links your back disability with your period of active duty. Service connection cannot be granted.

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.

Evidence which, as in this case, shows that you currently have the claimed condition(s) and are being treated for it (them) may be new. However, such evidence is not material to the issue of service connection unless the treating physician makes a statement that, in his or her opinion, the condition is service connected, and supports the assertion with an explanation of how that conclusion was arrived at.

**<u>12. Entitlement to individual unemployability.</u>**

This issue is on remand status from the Board of Veterans Appeals. Supplemental Statements of the Case were released on 11/20/99 and 7/22/00.

due to work related back injuries. Letters from Dr. Cooper 11/13/95, 7/1/94, 4/30/93, 3/13/90 detail numerous traumas to your spine, muscles and extremities during work and non -work incidents. For example, the letters record injuries from automobile accidents in 1989, 1990, 1991 and 1993. There were work related back injuries in 1/86 and again in 10/88. A report from Dr. Mauriello 8/21/89 relates a past medical history for you that includes a fall at home resulting in broken right ankle with torn ligaments. This was in 1988.

A more recent letter from Dr. Cooper dated 4/10/02 indicates that you were struck by a car on 3/15/02 with injuries to your back, left leg, left thigh, and knee.

After leaving the Post Office (Jan. 1990) you completed a program of Vocational Rehabilitation through VA which trained you to be Teacher/Manager of a salon (6/22/99). You owned and operated your own salon until it closed in May of 2002. In a statement submitted 9/24/01 you stated that you had not worked since the summer of 2000. You have been denied disability Social Security benefits.

You currently have a claim for Vocational Rehabilitation pending at the Regional Office in Wilmington, DE. No decision has been made on putting you back in the program.

Entitlement to individual unemployability is denied because the claimant has not been found unable to secure or follow a substantially gainful occupation as a result of service connected disabilities. Service connected disabilities currently evaluated as 60 percent do not meet the schedular requirements for entitlement to individual unemployability. 38 CFR 4.16 provides that individual unemployability may be granted where there is one disability evaluated as 60 percent disabling, or two or more disabilities, one of which is 40 percent with a combined evaluation of 70 percent or more. These percentage standards are set aside only when the evidence clearly and factually shows the veteran has been rendered unemployable solely due to service connected disabilities regardless of their individual and combined percentages. Such cases are submitted to the Director of the Compensation and Pension Service for extra-schedular consideration. This case has not been submitted for extra-schedular consideration because the evidence fails to show the veteran is unemployable due to service connected disabilities. (38 CFR 4.16)

**REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our web site, www.va.gov.

| ACTIVE DUTY | | | |
|---|---|---|---|
| EOD | RAD | BRANCH | CHARACTER OF DISCHARGE |
| 02/28/1979 | 07/01/1982 | Army | Honorable |

| LEGACY CODES | | | |
|---|---|---|---|
| ADD'L SVC CODE | COMBAT CODE | SPECIAL PROV CDE | FUTURE EXAM DATE |
| | 1 | | 0808 |

**JURISDICTION**: Claim for Increase Received 08/30/2001

**SUBJECT TO COMPENSATION (1. SC)**

5299-5201 RESIDUALS, RIGHT SHOULDER (MAJOR) DISLOCATION WITH PAINFUL MOTION
Service Connected, Peacetime, Incurred
Future Exam August 2008
20% from 01/18/1989
30% from 08/30/2001

7828-7806 ACNE VULGARIS
Service Connected, Peacetime, Incurred
Future Exam August 2008
10% from 01/18/1989
30% from 08/30/2001

7804 PAINFUL AND TENDER SCAR, RIGHT SHOULDER
Service Connected, Peacetime, Incurred
10% from 01/18/1989

***COMBINED EVALUATION FOR COMPENSATION :***

40% from 01/18/1989
60% from 08/30/2001

**NOT SERVICE CONNECTED/NOT SUBJECT TO COMPENSATION (8.NSC Peacetime)**

5099-5021 CHRONIC PAIN, MUSCLE SPASMS AND CHEST CONTUSION
Not Service Connected, Not Incurred/Caused by Service

5021 MYOSITIS
Not Service Connected, Not Incurred/Caused by Service

| | |
|---|---|
| 5284 | ANY FOOT CONDITION<br>Not Service Connected, Not Incurred/Caused by Service |
| 5290 | CERIVCAL/DORSAL STRAIN WITH SPASMS<br>Not Service Connected, Not Incurred/Caused by Service |
| 5293 | ANY BACK CONDITION<br>Not Service Connected, Not Incurred/Caused by Service |
| 6099-6032 | REMOVAL OF STYE, RIGHT EYELID<br>Not Service Connected, Not Incurred/Caused by Service |
| 6079 | REFRACTIVE ERROR<br>Not Service Connected, Constitutional/Developmental Abnormality |
| 6100 | HEARING LOSS<br>Not Service Connected, Not Incurred/Caused by Service |
| 6699-6601 | VIRAL SYNDROME<br>Not Service Connected, Not Incurred/Caused by Service |
| 7099-7101 | BORDERLINE CARDIOMEGALY<br>Not Service Connected, Not Incurred/Caused by Service |
| 7599-7522 | PENILE IMPLANT/SEXUAL DYSFUNCTION (VCAA)<br>Not Service Connected, Not Incurred/Caused by Service |
| 7913 | DIABETES MELLITUS<br>Not Service Connected, Not Incurred/Caused by Service |
| 8721-8715 | PARESIS/PARESTHESIA OF THE UPPER AND LOWER EXTREMITIES<br>Not Service Connected, Not Incurred/Caused by Service |
| 9400 | PERSONALITY DISORDER<br>Not Service Connected, Constitutional/Developmental Abnormality |
| 9499-9434 | JOB STRESS<br>Not Service Connected, Not Incurred/Caused by Service |
| 9499-9435 | PSYCHIATRIC DISABILITY DUE TO SKIN CONDITION<br>Not Service Connected, Not Secondary |

Individual Unemployability Denied

**ANCILLARY DECISIONS**

Not Entitled to Special Home Adaptation

Not Entitled to Specially Adapted Housing

**FAMILY MEMBER RATING DECISIONS**

KAMARR ROLLINS -- Not Helpless from 06/20/2002

R. C. Schmidt, Rating VSR

A. E. Smith, Rating VSR, Chairman