IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROLAND S. ROLLINS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-433C |
| | ) | (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 7.2(c) of the Rules of the Court of Federal Claims ("RCFC"), the United States replies to plaintiff's response to defendant's motion to dismiss plaintiff's complaint for lack of subject-matter jurisdiction.

As we explained in our motion, because plaintiff, Mr. Rollins's complaint was filed more than six years after his claims accrued, the Court does not possess jurisdiction to entertain this action. Moreover, Mr. Rollins cannot establish a basis to toll the statute.

_____In response to our motion, Mr. Rollins asserts that this Court possesses jurisdiction to entertain his claim for disability retirement or severance pay. He states that his "claim for disability retirement benefits or severance pay accrued when the [Army Board for the Correction of Military Records] decided that he was fit for duty in 2008." Pl. Res. at 7.[1] He explains that, under "10 U.S.C. § 1201, [his claims] did

[1] "Pl. Res. ___" refers to the referenced page of Mr. Rollins's response to our motion to dismiss. "App. ___"

not arise until the ABCMR finally denied his application. That event transpired on 29 January 2008 and [his] complaint was filed within six years of that date." Pl. Res. at 12. We address Mr. Rollins's arguments below.

I. Mr. Rollins's Complaint Must Be Dismissed For Lack Of Subject Matter Jurisdiction Because His Claims Are Barred By The Statute Of Limitations[2]

Title 10, United States Code, Section 2501 provides that "every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues."

As we explained in our opening brief, a cause of action for "claims of entitlement to disability retirement pay generally does not accrue until the appropriate military board either finally denies such a claim or refuses to hear it." Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005)(citing Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990), and Friedman v. United States, 159 Ct. Cl. 1, 310 F.2d 381, 389 (1962)). "The decision by the first statutorily authorized board that hears or refuses to hear the claim invokes the statute of limitations." See Real, 906 F.2d at 1560. When the correction board is the first board to consider a disability claim, the

refers to the appendix attached to our motion to dismiss.

[2] In the event the Court denies our motion to dismiss, we request the opportunity to file a motion for judgment upon the administrative record, pursuant to RCFC 52.1.

correction board's decision triggers the accrual of the cause of action. Id.; Aubre v. United States, 40 Fed. Cl. 371, 376 n.6 (1998).

Mr. Rollins does not contest that on December 12, 1984, he submitted his Application for Correction of Military Records to the ABCMR. He requested that his administrative discharge be changed to a medical discharge. By requesting a medical discharge, he sought either a physical disability separation pay (severance pay) or a disability retirement. If the Secretary of the Army determines that a soldier is medically unfit, he may retire the soldier or medically separate him with severance pay. See 10 U.S.C. §§ 1201, 1203.

In its decision dated January 7, 1987, the ABCMR considered and decided whether Mr. Rollins's administrative discharge was appropriate, and whether he was entitled to a medical discharge, i.e., either a physical disability separation or a disability retirement. After considering all of the available medical records, the ABCMR determined that "[Mr. Rollins] did not have any medically unfitting disability which would have required physical disability processing." App. 5. Further, "[s]ince [his] medical condition was not medically unfitting for retention at the time in accordance with AR 40-501, there was no basis for medical retirement or separation." Id. (Emphasis added).[3]

[3] Although Mr. Rollins did not appear before a Medical Evaluation Board or a Physical Evaluation Board before his

Thus, as we explained in our opening brief, Mr. Rollins's disability retirement claim accrued when the ABCMR issued its first decision denying him his requested relief, on January 7, 1987, and expired six years later on January 7, 1993. See Real, 906 F.2d at 1560 (The decision by the first statutorily authorized board which hears or refuses to hear the claim is the triggering event for purposes of the statute of limitations). Because he filed his complaint seeking disability retirement more than 21 years after the ABCMR issued its decision, his claims are barred by the statute of limitations, and should therefore be dismissed.

Mr. Rollins asserts that his claim for disability retirement[4] accrued on January 29, 2008, when the ABCMR denied his request for reconsideration of its 1987 decision. Pl. Res. at 12. He states that because the ABCMR reviewed his allegedly new and material evidence, the 2008 "decision had the effect of erasing the [ABCMR's] prior decision." Id.; see also Pl. Res. at 12, 13.

In Aubre, this Court considered whether the plaintiff's claim for disability retirement accrued upon the date of the first, or the second correction board decision. Plaintiff in

---

separation from service, he underwent a separation medical examination on June 2, 1982, and was found to be qualified for administrative separation. App. 14-15.

[4] Mr. Rollins does not contest our assertion that his claim for wrongful discharge is outside the statute of limitations.

Aubre was discharged from the United States Navy in 1968, and applied to the Board for Correction of Naval Records ("BCNR") in 1982, seeking disability retirement. The BCNR denied his request on June 15, 1982, and he submitted a second application on December 29, 1987, which was denied on March 22, 1988. 40 Fed. Cl. 371, 374. Plaintiff in Aubre thereafter submitted another application, which was also denied.

The correction board in Aubre, as here, treated the second application for disability retirement as a request for reconsideration of the earlier board decision. Id. at 375; App. at 8, 10. This Court in Aubre held that because plaintiff sought reconsideration by the BCNR six years (and, again, 14 years) after its initial decision, the requests for reconsideration were not timely, and thus did not operate to toll the statute of limitations for purposes of plaintiff's claim in this Court. Id. at 376 (citing Dayley v. United States, 169 Ct. Cl. 305, 308 (1965)).[5] The Court explained that "[t]he Court of Claims has ruled in a disability case that the 'mere presentation of new evidence to a reviewing board does not constitute such a 'reopening' [so as to deprive an earlier decision of finality]

[5] Mr. Rollins cites to Chambers for the proposition that his request for reconsideration tolled the accrual date of his disability retirement claim. The plaintiff in Chambers, however, timely submitted a request for reconsideration of the correction board's decision. Indeed, his initial application for disability retirement was denied on March 16, 2000, and his request for reconsideration was denied on September 27, 2000. 417 F.3d at 1222.

where the board does not accept that new evidence as sufficient to overturn the adverse decision of the prior board.'" Id. at 377 (quoting Robinson v. United States, 163 Ct. Cl. 235, 237 (1963)). Further, the "consideration of allegedly new and material evidence is insufficient to create a new period of limitations" when the request for reconsideration is untimely. Id.; Bruno v. United States, 214 Ct. Cl. 383, 386-87, 556 F.2d 1104, 1106 (1977). Otherwise, the Court noted,

> A member of the armed forces would need only file a request for reconsideration with the appropriate board to resuscitate a claim as much as five years or more after the board's decision to begin the running of a new limitations period. Such a result is utterly inconsistent with Congress' limited waiver of sovereign immunity enabling aggrieved individuals to seek redress in the Court of Federal Claims.

40 Fed. Cl. at 378. The Court thus determined that plaintiff's complaint, filed on May 21, 1997, was outside the six-year statute of limitations because it was filed more than six years from the accrual date of plaintiff's claim, June 15, 1982.

Here, Mr. Rollins's request for reconsideration was submitted to the ABCMR more than 19 years after its 1987 decision.[6] App. 8. As in Aubre, the request for reconsideration was untimely, and did not serve to toll the statute of

---

[6] On page 5 of our motion to dismiss, we erroneously state that Mr. Rollins submitted his request for reconsideration of the 1987 ABCMR decision "[m]ore than nine years later . . . ." In fact, Mr. Rollins submitted his request for reconsideration of the ABCMR's decision more than 19 years later.

limitations for Mr. Rollins's claims, which began on the date the initial ABCMR decision was issued on 1987.

Mr. Rollins argues that he "had no claim for disability retirement benefits or severance pay until his application to re-open [his] discharge was denied," thus implying that he could not have applied to the ABCMR for disability retirement until after 1987, when it denied his claim for wrongful discharge. Pl. Res. at 10 (citing Friedman v. United States, 310 F.2d 381, 389 (1962)). In making this argument, Mr. Rollins ignores the fact that by requesting a medical discharge in his first application to the ABCMR, dated December 12, 1984, he by necessity raised the issue of whether he was entitled to disability retirement or severance pay. App. 7. Indeed, the ABCMR reviewed the record and held that he was not entitled to medical or disability retirement, or severance pay. App. 1; 2-6. Thus, Mr. Rollins's argument that he could not have sought disability retirement from the ABCMR before 1987 should be rejected.

Finally, Mr. Rollins asserts that Congress' intent in granting the ABCMR the power to re-open a claim under 10 U.S.C. § 1551(b) would be "absurd and irrational" without judicial oversight. Pl. Res. at 13-14. To the contrary, Mr. Rollins's had the opportunity to seek timely judicial oversight of the first ABCMR decision, which, like the second, denied his claim for disability retirement. Congress has not expressed an intent

for a former service member to continue to seek the same relief indefinitely. Indeed, the six year statute of limitations imposed by Congress explicitly prohibits judicial review of untimely-filed complaints. Thus, Mr. Rollins's argument must be rejected.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to dismiss the complaint.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner

DONALD E. KINNER
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 616-0333
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

MAJOR JENNIFER BOTTOMS
United States Army
Litigation Division
Military Personnel Branch
901 N. Stuart Street
Suite 400
Arlington, VA 22203-1837

SEPTEMBER 8, 2008

CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on this 8th day of September 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and that the parties may access this filing through the Court's system.

s/Lauren S. Moore